## EVA E. BOWDEN'S CASE.

### Cumberland.    Opinion January 1, 1924.

*A claimant under the Workmen's Compensation Act as a deputy sheriff and Superior*
*Court officer is not an "employee" of the State, nor "under the direction and con-*
*trol" of the executive department of the State, within the meaning of the Act.*
*Such claimant is an official excepted under paragraph "e" of the Act,*
*and not an "employee." A finding by the Chairman of the Indus-*
*trial Accident Commission that such a claimant, as a matter*
*of law, is an "employee" within the meaning of the Act*
*is erroneous, hence reversible.*

A deputy sheriff while acting as court officer during a session of the court, is not
and cannot be held to be exercising an executive function while acting as such
court officer, under the direction and control of the executive department, nor
is he an employee of any department within the meaning of paragraph "g" of
the amendment of the Act.

It is a rule generally prevailing, and adhered to in this State, that the executive
and judicial departments are absolutely independent of each other within the
sphere of their respective powers. This rule does not preclude just what
happened in the instant case. A deputy sheriff, an executive as well as an
administrative officer, was for the time being acting as an officer of the judicial
department, as an officer of a court, within the sphere of the power of that court.
This overlapping and interlacing of the duties of officers of the two departments
is not unusual. On the contrary, it is a very necessary result of our govern-
mental system.

On appeal. This is a proceeding under the Workmen's Compen-
sation Act by petition by Eva E. Bowden, claimant, as dependent
widow of Arthur C. Bowden, a deputy sheriff of the County of
Cumberland, who was injured in an automobile accident on Decem-
ber 6, 1921, at Martin's Point Bridge, in the city of Portland, while
on his way from his home in Freeport to Portland to attend to his
duties as a Superior Court officer of the Superior Court of the County
of Cumberland, and four days later died from the injuries thus sus-
tained. A hearing was had before the Chairman of the Industrial
Accident Commission, counsel for the claimant contending that the
injury sustained by the husband of claimant resulting in his death
arose out of and in the course of his employment, and counsel for

the respondents alleging that the said Arthur C. Bowden at the time of the injury was not an employee of the County of Cumberland, and was not employed by the State of Maine or under the direction and control of any department of the State, as defined by the Workmen's Compensation Act, and compensation was awarded to claimant as against the State of Maine, and an appeal entered by the respondents. Appeal sustained. Decree reversed.

The case is stated at length in the opinion.

*Clement F. Robinson and Arthur L. Robinson,* for claimant.

*William H. Fisher, Deputy Attorney General,* for the State, and *Strout & Strout,* for the United States Fidelity & Guaranty Co.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, JJ.

HANSON, J. This is an appeal from a decree based on the findings and rulings of the Chairman of the Industrial Accident Commission. By the decree compensation is awarded as against the State of Maine to the claimant, widow of former Deputy Sheriff Arthur C. Bowden, for the maximum amount provided by statute.

Arthur C. Bowden was a deputy sheriff of Cumberland County, and was acting, by appointment of the sheriff, as court officer of the Superior Court for Cumberland County during its session.

The Chairman of the Commission found the following facts:

"Mr. Bowden was accidentally injured while on his way from his home in Freeport to attend to his duties as a superior court officer of the Cumberland County Superior Court, on the morning of December 6, 1921, and he died as a result of those injuries, on the tenth day of December, 1921. Besides his duties as a superior court officer, Mr. Bowden was also acting in the performance of his regular duties as a civil deputy, in that, because of certain legal matters which had been turned over to him as a deputy sheriff for action, it was necessary for him to see Sheriff King F. Graham in Portland that morning. Mr. Bowden lived in Freeport and it was his custom to go to Portland each morning to attend to his duties as court officer and to return to his home each evening, when those duties were completed for the day.

"On the morning of December 6, 1921, while proceeding to Portland for the purpose outlined above, the accident occurred which resulted in the death of Mr. Bowden."

The following statutes given here in the order of their passage, were and are involved in the findings of the Commission, and in the determination of the instant case:

"Employee" shall include every person in the service of another under any contract of hire, express or implied, oral or written, except: (a) farm laborers; (b) domestic servants; (c) masters of and seamen on vessels engaged in interstate or foreign commerce; (d) person whose employment is but casual, or is not in the usual course of the trade, business, profession or occupation of his employer; (e) officials of the state, counties, cities, towns or water districts and other quasi-municipal corporations of a similar character; policemen and firemen shall be deemed employees within the meaning of this act. If, however, any policeman or fireman claims compensation under this act, there shall be deducted from such compensation any sum which such policeman, fireman or other person may be entitled to receive for any pension or other benefit fund to which the state or municipal body may contribute. Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable. R. S., 1916, Chap. 50, Sec. 1, Page II.

An "Act to Provide Compensation for injuries Received by State Employees" was enacted later, to wit:—

Chapter 230, Laws of 1917, which provides as follows: "All persons employed by the state or under the direction and control of any department of the state shall be entitled to the benefits of Chapter fifty of the revised statutes. The governor and council shall order such compensation as shall be assessed, paid from the state contingent fund."

An amendment to the foregoing Chap. 50 of R. S., 1916, relating to Workmen's Compensation incorporating therein Chapter 230, Laws of 1917, was passed as in Public Laws, 1919, Chapter 238, after paragraph "e" as follows: "(f) except that any town or city may, in lieu of the compensation and insurance provided by this act, continue any member of the fire department or police force in said town, who may have been injured in the course of his duties, on the payroll at full pay, if such full pay exceeds the maximum compensation provided for employees under this act. Any reference to an employee who has been injured shall, when the employee is dead,

also include his legal representatives, dependents and other persons to whom compensation may be payable; (g) all persons employed by the state or under the direction and control of any department of the state shall be entitled to the benefits of chapter fifty of the revised statutes. The governor and council shall order such compensation as shall be assessed, paid from the state contingent fund."

The Chairman of the Industrial Accident Commission quotes also Sec. 9 of Chap. 85 of the R. S. of the State of Maine, which provides that "Sheriffs shall obey all such orders relating to the enforcement of the laws as they from time to time receive from the governor;" and Article 5th, Part 1, Section 1 of the Constitution "that the supreme executive power of this state shall be vested in a governor; and also Section 12 declares that "he shall take care that the laws be faithfully executed." The chairman quotes very fully the opinion of the Justices, 3 Maine, 484, answering questions proposed by the Senate as to the right of any person to hold and exercise, at the same time, "the several offices of deputy sheriff and justice of the peace." The Justices there held that,—"There can be no question that sheriffs, deputy sheriffs and coroners are executive officers; and for the reasons we have assigned, we think they must also be considered, though not named under a distinct head, as belonging to the executive department, the limits of which are nowhere in the constitution expressly defined."

The question before the Commission so far as it related to the State, was proposed and answered by the chairman as follows: "Was Arthur C. Bowden in the employ of the State of Maine or under the direction and control of any department of the State of Maine on December 6, 1921?" His answer was:—"Based upon the evidence submitted and upon the rulings of the Supreme Judicial Court already quoted it is found that Mr. Bowden was not in the employ of the State of Maine, at the time of the accident which caused his death but that, as a deputy sheriff and superior court officer, he was 'under the direction and control' of the Executive department of the State of Maine, and therefore an 'employee' within the meaning of the Act."

The chairman gives very clearly his view of the effect of the law, and particularly his construction of paragraph "g," as follows: "As originally enacted in 1915, Section I, subdivision II of the Maine Workmen's Compensation Act did not include paragraph (g).

This paragraph was added by an amendment in 1919. Prior to that time, some doubt existed as to whether or not certain persons in the service of the State were entitled to the benefits of the Workmen's Compensation Act. By the amendment it was intended to include within the benefits of the Workmen's Compensation Act, without exception, all persons employed by the State or 'under the direction or control of any department of the State.' Were it not for the provisions of paragraph (g) as adopted by the amendment to the Maine Compensation Act, extending to 'all persons in the employ of the state or *under the direction and control of any department of the State,*' *deputy* sheriffs would not be entitled to compensation under the Maine Workmen's Compensation Act, for, like policemen and firemen, they act in an official capacity rather than under a contract of hire."

We are not persuaded that Mr. Bowden, a deputy sheriff and Superior Court officer, was at the time of the accident "under the direction and control of" the executive department of the State of Maine, and therefore an "employee" within the meaning of the Act. Mr. Bowden was admittedly an official, a public officer, and before the amendment was admittedly excepted under paragraph "e" of the Act. If the Legislature had intended in any manner to change the meaning and intent of paragraph "e" of the Act, or to authorize a more liberal construction of the same than had already been accorded it, we must assume such intention would have been expressed in terms. From the language of the amendment those persons not included in the original Act, and comprehended in the amendment, were intended to be protected thereby. It was an extension of, and not a change in, the existing statute inclusion. It was not meant for one department of state, but for all. Primarily, it was intended for employees, as distinguished from officials, employees directly employed by officials authorized to act for the state, or persons employed or in the service of any department without such official or authorized sanction.

A deputy sheriff while acting as court officer during a session of the court, is not and cannot be held to be exercising an executive function while acting as such court officer, under the direction and control of the executive department, nor is he an employee of any department within the meaning of paragraph "g" of the amendment.

That sheriffs and their deputies are subject to the direction and control of the executive has been recognized since 1820, but in all the years since, the rule stated in the opinion of the Justices cited has been followed, that such direction and control has been exercised, "when legal coercion was necessary,". and not when such officer was acting under his oath in an official capacity in another department of state, to wit, in the administration of the law. Nor has such direction or control been attempted in a similar case in the history of the state. The opinion of the Justices, supra, recognized this when defining the status of sheriffs and deputies. Quoting Article 5, Part 1, Section 1, "that the supreme executive power of the State shall be vested in a governor," and that Section 12 declares that "he shall take care that the laws be faithfully executed," the court say, "The faithful administration of them devolves on another department." A further recognition of the rule that the executive may exercise direction and control of sheriffs and their deputies, is found in R. S., Chap. 85, Sec. 9, supra,—"Sheriffs shall obey all such orders relating to the enforcement of the laws as they from time to time receive from the Governor."

"The word 'control' seems in itself to imply that the party to be controlled has power to exercise his functions, or discharge his duties in several different ways." 9 Cyc., 811, Note. The same authority defining "direction" gives the following definition: "An order prescribed, either verbally or written; instructions in what manner to proceed." 14 Cyc., 291. "Direct," as a verb, is defined "to guide, to show, to regulate; to point out with authority, or direct as a superior; to instruct, to order; to point out a course of proceeding with authority; to command." Idem, quoting Berkshire Woolen Co. v. Day, 12 Cush., 128, 130, where it is said: 'Direction' means general instructions as to the manner of doing it." "The word 'direction' in the clause 'under the direction of the Judges' is to be taken in the sense of authority to direct as circumstances may require and not as requiring direction in order to confer authority upon the the clerk to act." In Re Durant, 60 Vt., 176, 12 Atl., 650. The statutes provide that, "Sheriffs receive their salaries from the treasuries of the counties which they serve." R. S., Chap. 117, Sec. 41. It is further provided that,—"The sheriff of each of said counties shall attend the superior court thereof .. .` . .. or he shall. specially designate a deputy, approved by the justice of such superior

court, so to attend." R. S., Chap. 82, Sec. 90. It appears that Mr. Bowden was so designated, and approved by the presiding Justice, and at once became one of the number of officials comprising the Superior Court of Cumberland County. "A court consists of persons officially assembled under authority of law, at the appropriate time and place, for the administering of justice." 7 R. C. L., 973, and cases cited. "The power to maintain order, to secure the attendance of witnesses to the end that the rights of the parties may be ascertained, and to enforce process to the end that effect may be given to judgments, must inhere in every court or the purpose of its creation fails. Without such power no other could be exercised." Id. Page 1033, Note 12.

It is a rule generally prevailing, and adhered to in this state, that the executive and judicial departments are absolutely independent of each other within the sphere of their respective powers. *Dennett, Petitioner,* 32 Maine, 508. This rule does not preclude just what happened in the instant case. A deputy sheriff, an executive as well as an administrative officer, was for the time being acting as an officer of the judicial department, as an officer of a court, within the sphere of the power of that court. This overlapping and interlacing of the duties of officers of the two departments is not unusual. On the contrary, it is a very necessary result of our governmental system. 7 R. C. L., 1047; 35 Cyc., 1489. "To some extent, and for certain purposes, the powers appropriate in their nature to one department are exercised by each of the others; sometimes by express direction of the supreme law; but otherwise only when it is done incidentally or as a means of exercising its own proper power." Lewis Sutherland Statutory Construction, Vol. 1, Page 5, and cases cited.

"There is a manifest difference between an office, and an employment under the government. We apprehend that the term 'office' implies a delegation of a portion of the sovereign power to, and possession of it by the person filling the office;—and the exercise of such power within legal limits, constitutes the correct discharge of the duties of such office. The power thus delegated and possessed, may be a portion belonging sometimes to one of the three great departments, and sometimes to another; still it is a legal power, which may be rightfully exercised, and in its effects it will bind the rights of others, and be subject to revision and correction only according to the standing laws of the State. An employment merely

has none of these distinguishing features." Opinion of the Justices
3 Maine, 481. In addition to the statute definition of "employee,"
it is well settled that an officer is distinguished from the employee
in the greater importance, dignity and independence of his position,
in being required to take an official oath, and perhaps to give an
official bond, in the more enduring tenure, and in the fact that the
duties of the position are prescribed by law. 22 R. C. L., 381.
"Of the element of sovereignty which is exclusively and intrinsically
judicial, the people gave the courts all they had to give; and while
the domain of the judiciary is not so extensive as that of the other
departments, no other power can enter that domain without a viola-
tion of the constitution, for within it the power of the judiciary is
dominant and exclusive. When any power is conferred upon a
court of justice, to be exercised by it as a court, in the manner and
with the formalities used in its ordinary proceedings, the action of
such court is to be regarded as judicial irrespective of the original
nature of the power." 7 R. C. L., 1050, Notes 19 and 20. "The
judicial power of this State shall be vested in a Supreme Judicial
Court, and such other courts as the legislature shall from time to
time establish." Constitution of Maine, Article VI., Section 1.
And, "No person or persons belonging to one of the departments"
into which "the powers of this government shall be divided shall
exercise any of the powers properly belonging to either of the others."
Id., Article III., quoted in State v. Leclair, 86 Maine, 530. In Sibley
v. State, Supreme Court of Errors, Conn., 96 Atl., 161, where the
duly elected and qualified sheriff of Windham County, in undertaking
to board a trolley car to go from his home to Putnam in connection
with the duties of his office was thrown to the ground and received
injuries which resulted in his death a short time afterwards, the
Commissioner awarded compensation to the widow, and the state
appealed to the Superior Court which reserved the case upon the
facts found by the Commissioner for the advice of the court of
errors. The definition of the word "employee" under the Connecti-
cut Act is substantially the same as in the Maine Compensation Act.
In setting aside the award, the court say: "We do not agree with
the claimant in the suggestion that compensation by the State to
public officers in case of their injury while employed about their
duties is within the intent and spirit of the Compensation Act. Its
title, Workmen's Compensation Act, its history showing at whose

instigation such acts were brought forward and passed, the considerations which were urged in support of them, as well as the fact that in nearly all of the states which have compensation acts such officers and their dependents are excluded from compensation under them, are a sufficient answer to the suggestion."

Chapter 230, Public Laws of 1917, was not an amendment or revision of the original act. There is no conflict between the two enactments. They are in entire harmony with the purposes of the legislative will and intention. While not controlling, the title to the Act approved April 7, 1917, to wit, Chapter 230, Public Laws, 1917, is helpful, and may be resorted to as an aid in determining the meaning of the Act. The title reads, "An Act to provide compensation for injuries received by State Employees." Idem. This Act was again before the Legislature two years later when, by Chapter 238, Public Laws of 1919, an "Act to amend Chapter 50 of the Revised Statutes relating to Workmen's Compensation," was passed, in which Chapter 230 of the Laws of 1917 was incorporated, again without reference to any change in the earlier paragraphs of the original Act.

The history of the legislation therefore, brings that act clearly within the rule, that an act which simply adds something to the law, is not in conflict with, and does not necessarily change, the provisions of an earlier act. "Two statutes relating to the same subject will be so construed as to allow both to stand when they do not contain inconsistent provisions, and the provisions of both can be carried out." 25 R. C. L., 875, and cases cited. To say that officials excepted by paragraph "e" were intended by the Legislature to be included in paragraph "g" of the amendment, without in any manner referring to the provisions of paragraph "e," would be creating by construction an exception to an exception. This we do not feel authorized to do. We think the legislative intent was plain, and the words used in paragraph "g" of the amendment were not intended to change in whole or in part the purpose and intent of paragraph "e" of the original act so far as it relates to officials of the State. The construction sought would operate as a repeal of part at least of paragraph "e," a result surely not intended by the framers of the amendment.

The finding that Mr. Bowden was not in the employ of the State of Maine at the time of the accident which caused his death was a

finding of fact, and being supported by evidence, in the absence of fraud, cannot be disturbed by us.   *Mailman's Case,* 118 Maine, 179. But the finding "that as deputy sheriff and superior court officer," Mr. Bowden, "was under the direction and control" of the executive department of the State of Maine, and therefore an "employee" within the meaning of the Act, is a finding of law and therefore open to review.   Such finding is error in law.   Mr. Bowden at the time of the accident was an official, and not an employee because an official. He was an official excepted under paragraph "e" of the Act.

The entry will be

> *Appeal sustained.*
> *Decree reversed.*