


# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 5, 1939

Mr. E. N. Bender
County Attorney, Stephens County
Breckenridge, Texas

Dear Sir:                           Opinion No. O-03

     Your request dated December 30, 1938, for an opinion from this Office concerning whether or not a county commissioner must have a chauffeur's license while driving an automobile belonging to the county, was duly received by this office, and it has been referred to the writer for attention.

     The term "chauffeur" is defined in paragraph (g) of Section 1 of Article 6687a, Revised Civil Statutes (as amended Acts 1937, 45th Leg., p. 752, Ch. 369, Par. 1-A) as follows:

> "(g) Chauffeur. Any person who operates a motor vehicle for any purpose, whole or part time, as an employee, servant, agent, or independent contractor, whether paid in salary or commission; and every person who operates a motor vehicle while such vehicle is in use for hire or lease."

     Section 2 of the same Article requires that all "chauffeurs" be licensed, it being worded as follows:

> "On and after April 1, 1936, no person except those expressly exempt under this Act, shall drive any motor vehicle upon a highway in this State unless such person upon application has been licensed as an operator or chauffeur by the department under the provisions of this Act.

     Section 3 sets out those persons who are exempt from payment of chauffeur's licenses.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. E. N. Bender, January 5, 1939, page 2

County commissioners are not exempted by any of the provisions of Section 3. Therefore, if a county commissioner while driving an automobile belonging to the county and on county business is an <u>employee, servant, agent or independent contractor</u> as those terms are used in Section 1, then such county commissioner would be a "chauffeur."

At the outset, we must recognize the fact that a county commissioner is a public officer. We think the office of county commissioner comes within the definition stated by the Supreme Court of Texas in the case of Kimbrough v. Barnett, 93 Tex. 310, 55 S. W. 122, and quoted by the Commission of Appeals of Texas in the case of Commissioners' Court of Limestone County v. Garrett, 236 S. W. 970, as follows:

> "'Public office is the right, authority, and duty created and conferred by law by which, for a given period either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government to be exercised by him for the benefit of the public.' The correctness of this definition is nowhere questioned, so far as we know, and it is useless to add supporting authorities."

We now must decide whether or not a public officer is such an employee, servant, agent or independent contractor as is referred to in the definition of the word "chauffeur" in Section 1 of the Statute.

There is very little authority on this question in Texas, but the little that has been written concerning Texas Law on the subject as well as the authorities in other states indicate that a public officer is not such an employee, servant, agent or independent contractor. In 34 Tex. Jur. 325, it is said:

> "There is a material difference also between a public office and a public employment. The relation between an office holder and the government under which he functions is not that of employer and employee, and their respective rights are not to be determined by application of the rules of contracts of employment. As said by Chief Justice Marshall, 'Although an office is an employment, it does not follow that every employment is an office.'

Mr. E. N. Bender, January 5, 1939, page 3

"The most important distinction is that the crea-
tion and conferring of an office involves a delega-
tion to the individual of some of the sovereign
functions of the government, to be exercised by
him for the benefit of the public. Other distinc-
tions are: that an office must be created by law,
while an employment may be, and frequently is, created
by contract; that officers are usually required
to take an oath and serve for a definite term; and
that the duties of an office are generally continu-
ing and permanent rather than temporary and transi-
tory."

This reasoning clearly applies to the word "employee", and
it no doubt also applies to the word "servant". Discussing the
word "servant", 29 Tex. Jur. 10, says:

"In the language of the law, however, the word
'servant' is used to embrace all classes of employees.
It is synonymous with 'employee,' and includes all
persons of whatever rank or position who are sub-
ject to the direction and control of another in
any department of labor or business."

This is in accord with what was said in the case of Texas
Life Insurance Co. v. Roberts, 119 S. W. 926, as follows:

"'The word 'servant' in our legal nomenclature has a
broad significance, and embraces all persons of
whatever rank or position who are in the employ
and subject to the direction or control of another
in any department of labor or business. Indeed,
it may in most cases be said to be synonymous with
employe.'"

The authorities in other states seem to bear out the same
rule, that is that a public officer is not an employee or servant
in the ordinary sense of those words. In 22 Ruling Case Law, 381
it is said:

". . . on the whole an officer is distinguished
from the employee in the greater importance,
dignity, and independence of his position, in be-
ing required to take an official oath, and perhaps
to give an official bond, in the more enduring
tenure, and in the fact that the duties of the
position are prescribed by law. Furthermore, a
mere employee does not have the duties or respon-
sibilities of a public officer."

In a case which decided that a city auditor was an "officer" and not an "employee" of a city, the Supreme Judicial Court of Massachusetts in the case of Attorney General vs. Tillinghast, 203 Mass. 539, 89 N. E. 1058, said:

> "The holder of an office must have intrusted to him some portion of the sovereign authority of the state. His duties must not be merely clerical, or those only of an agent or servant, but must be performed in the execution or administration of the law, in the exercise of power and authority bestowed by the law. . . . A mere employe has no such duties of responsibilities."

In passing on a statute which said "that eight hours shall constitute a day's work for all laborers, workmen, mechanics or other persons now employed", the Supreme Court of Kansas in the case of State v. City of Ottawa, 84 Kan. 100, 113 Pac. 391, said:

> "Officers are excluded by the use of the word 'employed,' an office being distinguished from an employment, in that it implies tenure, duration, emolument, and duty; . . ."

In the case of Nissen v. City of Winston-Salem, 206 N. C. 888, 175 S. E. 310, the Supreme Court of North Carolina decided the issue of whether or not the chief of the city fire department was an "employee" of the city or an "officer" of the city, it being provided by statute that "employees" should be compensated without defining the word "employees". In that case the court held that the fire chief was an employee but recognized that certain officers of the city were not, and said:

> "Was the chief of the fire department of the city of Winston-Salem, who was killed in a motor vehicle wreck while answering a fire call, an employee within the meaning of the Workmen's Compensation Law?
>
> . . .
>
> "McQuillin in his work on Municipal Corporations (2d Ed.) vol. 2, p. 38, quotes Judge Cooley, as follows: 'The officer is distinguished from the employee in the greater importance, dignity and independence of his position; in being required to take an official oath, and perhaps give an official bond; in the liability to be called to account as a public offender for misfeasance or non-feasance in office, and usually, though not necessarily in the tenure of his position.'

Mr. E. N. Bender, January 5, 1939, page 5

> "Obviously the mayor of a city would not become an employee merely because he occasionally picked up a piece of hose or occasionally used a shovel or mattock when in the presence of a street force. Desultory, disconnected, infrequent acts of manual labor performed by an administrative officer and not reasonably required by the exigencies of the situation, would not classify such officer as a workman."

The Florida Courts have held that a public officer is not an employee, and in the case of Dade County v. State, 95 Fla. 465, 116 So. 72, the Supreme Court of Florida said:

> "An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes perhaps the most decisive difference between an employment and an office, and between an employee and an officer."

Similar rules were laid down in the cases of Kelly v. City of Bridgeport, (Conn.) 111 Conn. 667, 151 Atl. 268; State v. Clark (Ind.) 208 Ind. 402, 196 N. E. 234; and Bowden v. Cumberland County, (Me.) 123 Me. 359, 123 Atl. 166.

The cases that have been cited above indicate that public officers are not employees and servants in the ordinary sense of the word. We think that for the same reasons they cannot be held to be agents in the ordinary usage of that word, especially as it is used in the definition of chauffeur. The writer has been unable to find any Texas authority on the question, but it seems that the courts of other states hold that public officers are not agents in the ordinary sense along with their holdings that public officers are not servants and employees. In the case of People v. Coffin, (Ill.) 282 Ill. 599, 119 N. E. 54, the Supreme Court of Illinois said:

> "In many cases it is difficult to determine whether a person is an officer or merely an agent or employe of a municipality. It is even more difficult to lay down any fixed rule to determine the question, in all cases, as to whether a person is an officer or merely an agent or employe of a municipality. Generally, an officer takes an oath of office, while a mere agent or employee does not."

Mr. E. N. Bender, January 5, 1939, page 6

Similar language was used in the case of Lorillard v. Town of Monroe, (N. Y.) 11 N. Y. 392, 62 Am. Dec. 120, in which it was said:

> "It is a convenient arrangement to have the assessors chosen by the electors of the towns within which they are to perform their duties, for the reason that the people of these small territorial divisions will be most likely to know the qualifications of those from among whom the selection is to be made. When chosen, they are public officers as truly as the highest official functionaries in the state. . . . I am of opinion, therefore, that the assessors and collectors of taxes are independent public officers, whose duties are prescribed by law, and that they are not in any legal sense the servants or agents of the towns, and that the towns as corporations are not responsible for any default or malfeasance in the performance of their duties." (Underscoring ours)

We must finally decide whether or not a public officer is an "independent contractor". A well known definition of an independent contractor is the one stated by the Texas Commission of Appeals in the case of Lone Star Gas Co. v. Kelly, 46 S. W. (2d) 656, as follows:

> "As defined by the authorities, an independent contractor is one, who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer except as to the result of his work."

It will be noticed that one of the elements of the relationship of an independent contractor to his superior is that of a contract. In other words, an independent contractor holds his position by virtue of a contract. Such is not true of a public officer. This distinction is made clear in 34 Tex. Jur. 324, where it says:

> "Officers hold their positions by election or appointment and not by contract. As we have seen

Mr. E. N. Bender, January 5, 1939, page 7

above (Par. 2), an office involves a delegation
to the holder of some portion of the sovereign
functions of the government, to be exercised by
him for the benefit of the public, and it embraces
the ideas of tenure, duration, emolument and duties.
But a public contract from its nature is necessarily
limited in its duration and specific in its objects;
the terms agreed upon define the rights and obliga-
tions of the parties, neither may depart from them
without the assent of the other. Such a contract
is within the protection of the constitutional pro-
hibition of the impairment of obligations, but a
public office is not. The prohibition does not
preclude the abolition of an office or reduction
in the compensation annexed to it during the term
of an incumbent."

Such was the holding in the Texas cases of Bonner v.
Belsterling, 137 S. W. 1154; State v. Rigsby, 43 S. W. 1101;
and City of Palestine v. West, 37 S. W. 783.

By virtue of these authorities holding that a public
officer does not hold his positions under a contract, we must
conclude that a public officer is not under any circumstances
an independent contractor.

There is no doubt that a county commissioner is a public
officer, and under the authorities cited above it is our con-
clusion that a county commissioner because of his position as
a public officer is not an employee, servant, agent or independent
contractor as those terms are used in the definition of a
chauffeur in Article 6687a.

It is our conclusion that a county commissioner while
driving an automobile belonging to the county and on county
business is not a chauffeur within the meaning of Article
6687a, and he does not have to obtain a chauffeur's license.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
                    Assistant

CR-N

APPROVED

ATTORNEY GENERAL OF TEXAS