*In re* CARTWRIGHT.

HAKENJOS *v.* CARTWRIGHT.

1. COURTS—BAILIFFS—ABANDONMENT OF OFFICE.

Finding of judges of common pleas court that defendant bailiff had abandoned the office of bailiff of that court *held*, supported in record on appeal from order of removal, where it appears that for approximately a year and a half he shared in fees for service of process but served none himself (CLS 1956, § 728.23; CL 1948, § 728.28).

2. OFFICERS—MISFEASANCE.

Misfeasance, as a cause for removal from office, is a default in not doing a lawful thing in a proper manner, or omitting to do it as it should be done.

3. COURTS—BAILIFFS—FEE-SPLITTING—PUBLIC POLICY.

Fee-splitting arrangement whereby defendant bailiff for common pleas court was enabled to receive compensation for services that he did not personally render and which persisted for period of a year and a half was not authorized by statute, and was not consistent with his duties as a public officer or with sound principles of public policy relating to the performance of official acts for which the incumbent of the office was

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 14 Am Jur, Courts § 22.
[2]   43 Am Jur, Public Officers § 195.
[3]   43 Am Jur, Public Officers § 375.
[4]   14 Am Jur, Costs § 37.

charged with personal responsibility, constituted misfeasance in office justifying his permanent removal therefrom (CLS 1956, § 728.23; CL 1948, § 728.28).

4. Costs—Public Question—Removal of Bailiff from Office.
　No costs are allowed in proceeding to remove bailiff from office, where questions at issue are matters of public concern (CLS 1956, § 728.23; CL 1948, § 728.28).

Appeal from Wayne; Culehan (Miles N.), J. Submitted January 5, 1961. (Docket No. 43, Calendar No. 48,887.) Decided April 26, 1961.

In the matter of the petition of Edwin A. Hakenjos, court clerk, for the removal of Arthur Cartwright from the office of bailiff of the common pleas court of the city of Detroit. Order of removal entered in common pleas court and affirmed in circuit court. Defendant appeals. Affirmed.

*Samuel H. Olsen,* Prosecuting Attorney, *Hobart Taylor, Jr.,* and *Aloysius J. Suchy,* Assistant Prosecuting Attorneys, for plaintiff.

*Reymont Paul,* for defendant.

Carr, J. Appellant herein was appointed as a bailiff of the common pleas court of the city of Detroit in 1941, and thereafter proceeded for a number of years to perform the duties of said office in connection with the service of process. By order of 3 judges of said court he was removed on January 27, 1960, and his name stricken from the list of bailiffs. Such action was taken following a hearing, before the judges signing said order, on a petition filed by the clerk of said court, on January 6th preceding, alleging that defendant had abandoned and vacated the office in violation of statute because of his failure to serve process assigned to him. From the order entered an appeal was taken to the circuit

court of Wayne county which, under date of July 21, 1960, affirmed the order of the common pleas court. In connection with the proceeding in the circuit the parties filed a stipulation of facts in lieu of a transcript of the testimony taken on the hearing above mentioned. On appeal to this Court it is the claim of defendant that the order of removal was unauthorized by law and unwarranted under the facts.

The stipulation of facts filed in circuit court, and incorporated in the record before us, sets forth that in his capacity as bailiff appellant served process from the common pleas court until July, 1958, when he advised the clerk of the court that he wished to take a vacation and requested that process assigned to him should be delivered to another bailiff for service. Apparently the request was complied with, the clerk presumably assuming that appellant's vacation period would be reasonably limited. However, during the period from July, 1958, until early in January, 1960, another bailiff, Gerald Clancy, continued to serve process assigned to defendant under a rotating system initiated by the court, a portion of the fees received therefor being turned over to defendant. Apparently he received during the period in question amounts varying from $35 to $150 per month while giving his time and efforts to his personal business affairs.

It was further stipulated that the practice had been observed on occasions by the bailiffs in the common pleas court to work "in teams", assisting one another in the service of process. It does not appear, however, that arrangements of the character entered into by Mr. Cartwright had been made by other bailiffs or had been sanctioned by the judges of the court. It is a fair inference that the practice referred to in the stipulation was adopted in some instances to facilitate the service of process and to

insure the making of proper service in the event that the bailiff to whom the process had been assigned in rotation was unable to act. In 1957 appellant signed a statement or declaration, at the request of the clerk of the court, setting forth his willingness and ability to serve process. In the early part of 1960 he renewed performance of the duties of his office, for which he received fees paid after the date of the institution of the removal proceeding.

On the filing of the petition asking Mr. Cartwright's removal from the office of bailiff the clerk was directed by the presiding judge of the common pleas court to omit the name of appellant from the list of bailiffs authorized to serve process in garnishment and assumpsit proceedings. Such order did not prevent appellant from serving writs of execution, replevin, and attachment. Whether he actually served such writs following the order of suspension does not appear.

The common pleas court of the city of Detroit is governed by the provisions of PA 1929, No 260, as amended (CL 1948, § 728.1 et seq., as amended [Stat Ann and Stat Ann 1959 Cum Supp § 27.3651 et seq.]). The statute fixes the jurisdiction of the court, provides for the election of the judges and duties thereof, and for the appointment of a clerk and bailiffs. Section 28 of the act (CL 1948, § 728.28 [Stat Ann 1959 Cum Supp § 27.3679]) reads as follows:

"Every bailiff of the city in which the court is situated serving process out of any such court shall be answerable thereto for all his conduct in the line of duty; and it shall be the duty of every such court to compel bailiffs serving process out of such court to perform their duties, to examine into complaints against them, to determine their guilt or innocence of misfeasance and/or malfeasance in office and to discipline any offending bailiffs in manner as herein provided. Inquiry into the conduct of any bailiffs

serving process out of any such court shall be instituted on complaint by the clerk thereof or by any person conceiving himself aggrieved, in manner as hereinafter provided, and may be instituted by such court on its own motion whenever the presiding judge or whenever any judge or judges thereof assigned to deal with such matters consider it expedient to do so. Where the inquiry is instituted on the court's own motion the procedure shall be as prescribed by court rule adopted by a majority of the judges of such court. On complaint in writing by the clerk of any such court or in writing under oath by or on behalf of any person conceiving himself aggrieved, to the presiding judge or such other judge or judges thereof assigned to receive such complaint, stating allegations of fact from which it appears to the examining judge that any bailiff serving process out of such court is guilty of any misconduct in office, such judge shall issue an order in writing directed to such bailiff requiring him to appear before the presiding judge or any judge or judges of said court assigned to hear such complaint, at a time fixed in such order, and show cause why said court should not take disciplinary action against such bailiff. A copy of said complaint and order shall be served on such bailiff prior to the date of hearing, the time and manner of service to be fixed in the order. No complaint, after the filing thereof as aforesaid, may be withdrawn nor shall the same or any proceeding thereon be dismissed or discontinued except by written order of the court for good cause shown, the reasons therefor to be stated in the order. The judge or judges hearing said complaint may permit or, on the court's own motion, order the filing of amendments thereto, may continue the hearing thereon from time to time, as the ends of justice may require, and, at any time prior to the final disposition of such matter, may require the prosecuting attorney of the county where such court is situated to prosecute said complaint, and the county where such court is situated shall pay the fees for

such witnesses, depositions, if any, and such other evidence adduced by such prosecutors as the judge or judges in charge of said proceedings shall approve or certify to the board of county auditors. No fees shall be allowed or paid to such prosecutors for their services. In the event such bailiff shall be found guilty of any misfeasance and/or malfeasance in office as herein defined, the trial judges shall have power, in their discretion, as follows: (a) permanent removal from office of such officer; (b) suspension from office for a definite period; (c) a finding of contempt of court and the imposition of a penalty therefor as provided by law. The punishment, provided in clause (c) hereof, may be imposed concurrently with the provision in cause (a) or (b) hereof. All findings of guilt and all orders of punishment may be confirmed by a majority of the judges of the court. The findings of fact made by such judges shall be based upon a record stenographically reported: Provided, however, That an appeal from the order of such judges shall lie to the circuit court of the county in which such court is located on all questions of law and facts and upon said record, and a further appeal to the Supreme Court of the State of Michigan."

It is the claim of appellant that the making and carrying out of the arrangement for the service of process assigned to him in rotation did not constitute misfeasance in office. In substance it is argued in his behalf that he was within his rights in procuring another bailiff to serve such process, and to share in the fees therefor. Reliance is placed in this regard on a provision of section 23 of the act (CLS 1956, § 728.23 [Stat Ann 1959 Cum Supp § 27.3674]) requiring that the bailiffs "shall promptly serve or cause to be served and execute all process, writs and/or orders delivered to them as herein provided." It is asserted in substance that appellant caused process assigned to him to be served and that, in

consequence, he complied with the letter of the statute. The judges of the court of common pleas disagreed with such claim, concluding that the conduct of defendant did not constitute proper performance of the duties of his office, and that under the language of the statute above quoted it was the duty of the court to take action. Such conclusion was summarized as follows:

"It is clear, unquestionably clear, that this respondent did not obey the dictates of the statute in that regard and that he showed a complete lack of diligence amounting to an abandonment of the office of bailiff of the common pleas court.

"We also find from the testimony in this case that the defendant from the testimony is guilty of misfeasance. Therefore, the name of respondent Arthur Cartwright is ordered stricken from the list of bailiffs of the common pleas court, and the said Arthur Cartwright is hereby ordered removed from the office of bailiff of the common pleas court and the said office is hereby declared vacant."

Appellant contends that he did not abandon the office of bailiff and directs attention to the fact that in January, 1960, he served some process. It is a fair inference, however, that his action in this regard was prompted by the fact that the question had been raised as to the propriety of the arrangement for the service of process which in effect relieved him from the performance of his official duties, thus permitting him to devote his entire time and attention to private business matters. It is not disputed that during the period of approximately 1–1/2 years he did not personally perform his duties as bailiff, required by statute to serve process assigned to him, but, rather, undertook to delegate such duties to a fellow bailiff. It is clear that he practically ignored the office other than to share in the fees paid for service of process made by another.

The judges of common pleas court pointed out in their opinion, based on the testimony taken before them, that during the period in question from July, 1958, to early in January, 1960, appellant had no knowledge as to the number of summons or writs assigned to him for service, that he kept no record thereof, and that he did not attempt to ascertain whether process issued to him had been served. The conclusion may not be avoided that Mr. Cartwright was not performing the duties of his office in the manner contemplated by the statute. From a practical standpoint he abandoned performance of his official duties during a period of approximately 18 months.

Did the acts of the defendant on the basis of which the order of removal was made constitute misfeasance within the meaning of the section of the controlling statute, above quoted? The term is defined in 67 CJS, Officers, § 60, p 250, as follows:

" 'Misfeasance,' as a cause for removal from office, is a default in not doing a lawful thing in a proper manner, or omitting to do it as it should be done."

The fee-splitting arrangement into which defendant entered with his fellow bailiff enabled him to receive compensation for services that he did not personally render. His lack of attention to the work of his office was not consistent with his duties as a public officer. The arrangement made was not consistent with sound principles of public policy relating to the performance of official acts for which the incumbent of the office was charged with personal responsibility. If such an arrangement may be made within the purview of the statute, it is obvious, as suggested by counsel for appellee in argument, that other bailiffs might follow a similar course, thereby creating a situation interfering with the proper performance

of their duties and at variance with the proper functioning of the court of which they are officers.

Defendant's course of conduct was not only unauthorized by the statute under which he held his office but was inconsistent with the manifest intention of the legislature as expressed in the language pertaining to the duties of bailiffs and the authority of the court with reference thereto. We think that conduct of such character must be regarded as constituting misfeasance in office within the commonly-accepted definition of that term. The duty clearly rested on appellant to properly perform the duties of the office to which he had been appointed.

In view of the factual situation this case is somewhat unusual, but general principles applicable to public offices are in accord with the finding and order of the common pleas court and of the circuit court of Wayne county. *State, ex rel. Rockwell,* v. *State Board of Education,* 213 Minn 184 (6 NW2d 251, 143 ALR 503); *People, ex rel. Johnson,* v. *Coffey,* 237 Mich 591 (52 ALR 1); 67 CJS, Officers, § 60, p 250 *et seq.;* 43 Am Jur, Public Officers, § 195 *et seq.,* p 39 *et seq.*

The order of the circuit court from which defendant has appealed is affirmed. Questions at issue being matters of public concern, no costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.