GRAY v. CLERK OF COMMON PLEAS COURT.

1. OFFICERS—MISFEASANCE.
    Misfeasance, as a cause for removal from office, is a default in not doing a lawful thing in a proper manner, or omitting to do it as it should be done.

2. SAME—MISFEASANCE—SERVICE OF PROCESS—BAILIFF.
    Failure of a bailiff of the common pleas court for long periods of time to serve process, in accordance with the duties set forth in the statute, is misfeasance in office justifying removal

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 43 Am Jur, Public Officers § 195.
[5] 43 Am Jur, Public Officers § 181 et seq.
[6, 12] 43 Am Jur, Public Officers § 188.
    Power of courts or judges in respect of removal of officers. 118 ALR 170.
[7] 11 Am Jur, Constitutional Law § 201; 14 Am Jur, Courts § 11.
[8, 9, 10] 11 Am Jur, Constitutional Law § 201.
[11] 11 Am Jur, Constitutional Law § 206.
[13] 42 Am Jur, Public Officers §§ 45, 46.
[14] 14 Am Jur, Costs § 91.

of the bailiff from office (CLS 1956, §·728.23;· CL 1948, § 728.28).

**3. SAME—NONFEASANCE.**

Nonfeasance in office is a substantial failure to perform a duty, or, in other words, the neglect or refusal, without sufficient excuse, to do that which it was the officer's legal duty to do.

**4. SAME—NONFEASANCE—MALFEASANCE.**

Failure to perform the duties of a public office is in and of itself not only nonfeasance but also malfeasance.

**5. SAME—REMOVAL FROM OFFICE.**

Public policy dictates that those who have charge of public officers and officials have the authority to remove them if they fail to carry out their duties, whether those duties are placed on them by statute or by the inherent responsibilities and duties of the office itself.

**6. COURTS—COMMON PLEAS COURT—REMOVAL OF ITS BAILIFF FROM OFFICE.**

The common pleas court has authority under the statute creating the court to remove one of its bailiffs for failure to perform the duties of his office (CLS 1956, § 728.23; CL 1948, § 728.28).

**7. CONSTITUTIONAL LAW—STATES—JUDICIARY.**

The power to maintain a judicial department is an incident to the sovereignty of each State.

**8. SAME—SEPARATION OF POWERS.**

Judicial power, as distinguished from executive and legislative power, is vested in the courts as a separate entity (Const 1908, art 4, § 1).

**9. SAME—JUDICIARY—POWERS.**

The judiciary is an independent department of the State, deriving none of its judicial powers from either the executive or legislative departments, even though the legislature may create courts (Const 1908, art 4, §1; art· 7, § 1).

**10. SAME—JUDICIARY.**

The Constitution confers on the judicial department all the authority necessary to exercise its powers as a coordinate branch of the government.

**11. SAME—COURTS.**

Courts cannot be hampered or limited in the discharge of their functions by either the executive or legislative departments of government.

12. COURTS—REMOVAL OF BAILIFF.

The removal of bailiffs and other court personnel for cause is an inherent power of the judiciary.

13. SAME—COMMON PLEAS COURT—BAILIFFS—RESIDENCE.

Statute creating the common pleas court for the city of Detroit which provided that all provisions of general statutes relating to justices of the peace and justice courts should apply to the common pleas court except so far as such provision may be inconsistent, carried over to the office of bailiff, as successor to the constable, the requirement that such officer be a resident of the city (CL 1948, §§ 201.3, 718.19; CLS 1956, § 728.23).

14. COSTS—PUBLIC QUESTION—BAILIFFS—REMOVAL FROM OFFICE.

No costs are allowed in suit to enjoin clerk and judges of the common pleas court from removing plaintiff bailiff from office on the ground of nonfeasance in office by failing to serve and execute process for extended periods of time, a public question being involved.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 10, 1962. (Docket No. 56, Calendar No. 48,725.) Decided May 18, 1962.

Bill by Sidney C. Gray against Edwin A. Hakenjos, as clerk, and George T. Cartwright and others, as judges of the common pleas court for the city of Detroit, to enjoin them from removing him as bailiff. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*William G. Comb (Meyer Weisenfeld,* of counsel), for plaintiff.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy* and *F. Clifton Lind,* Assistant Prosecuting Attorneys, for defendants.

KAVANAGH, J. Plaintiff appeals from an order of the circuit court for the county of Wayne dismissing his bill of complaint to obtain injunctive relief against the clerk and judges of the common pleas

court for the city of Detroit from removing him as a bailiff. Plaintiff contends the court and the clerk are not authorized by statute to remove a bailiff for nonfeasance in office.

The clerk of the common pleas court for the city of Detroit filed a petition before the common pleas court asking for removal of plaintiff from his duties as bailiff of the court for 2 reasons:

1. That plaintiff has abandoned and vacated his office in violation of the provisions of CLS 1956, § 728.23 (Stat Ann 1959 Cum Supp § 27.3674), by reason of failing to serve and execute process delivered to the plaintiff by the common pleas court for the city of Detroit for extended periods of time prior to the filing of this petition.

2. That plaintiff has abandoned and vacated his office in violation of the provisions of the statute by reason of having ceased to be a qualified resident of the city of Detroit and having become a resident of Royal Oak township, Oakland county, Michigan.

The court issued an order to show cause why the petition should not be granted. Plaintiff then filed his bill of complaint in the circuit court seeking to enjoin the clerk and the members of the common pleas court from removing him from the office of bailiff. The bill alleged the judges of the common pleas court have no authority or jurisdiction to discipline or remove a bailiff for nonfeasance. The complaint further alleged this subject has been preempted by the legislature of the State of Michigan, and jurisdiction and authority in the common pleas court to act in removal proceedings exists only in cases of misfeasance or malfeasance.

Defendants—judges of the common pleas court and its clerk—moved to dismiss the bill of complaint on the grounds that (1) it did not state a cause of action cognizable in a court of equity; (2) the subject matter of the bill of complaint is now moot and

academic; and (3) the plaintiff has an adequate remedy at law in the nature of appeal from the order of the common pleas court.

Defendants' motion to dismiss was presented in the trial court. After a hearing the trial judge entered an order dismissing the bill of complaint. The trial court stated the common pleas court has inherent power to control all personnel under its jurisdiction, including bailiffs, and to remove them from office upon proof of nonfeasance as well as malfeasance and misfeasance. The court went on to say if the legislature attempted to limit the reasons for removal of court personnel, such act would be unconstitutional as being in violation of the separation of the powers between the legislative and judicial branches of government.

Plaintiff on appeal raises 2 questions:

1. In the creation and establishment of the office of common pleas court bailiff, did the legislature of the State of Michigan have the authority to define the term of office and limit the grounds for removal from office of such bailiff?

2. Where the legislature has defined and limited the grounds or removal from office of common pleas court bailiffs to misfeasance and malfeasance in office, do the judges of said court have inherent power to remove such bailiffs upon proof of nonfeasance in office?

CLS 1956, § 728.23 (Stat Ann 1959 Cum Supp § 27.3674), has the following direction concerning prompt service of process:

"Such bailiffs of the city in which the court is located shall promptly serve or cause to be served and execute all process, writs and/or orders delivered to them as herein provided."

CL 1948, § 728.28 (Stat Ann 1959 Cum Supp § 27.3679), sets forth the grounds for removal of

bailiffs by common pleas judges in the following manner:

"And it shall be the duty of every such court *to compel bailiffs serving process out of such court to perform their duties,* to examine into complaints against them, to determine their guilt or innocence of misfeasance and/or malfeasance in office and to discipline any offending bailiffs in manner as herein provided. * * * In the event such bailiff shall be found guilty of any misfeasance and/or malfeasance in office as herein defined, the trial judges shall have power, in their discretion, as follows: (a) permanent removal from office of such officer; (b) suspension from office for a definite period; (c) a finding of contempt of court and the imposition of a penalty therefor as provided by law." (Emphasis supplied.)

Justice CARR writing in the case of *In re Cartwright,* 363 Mich 143, held that misfeasance, as a cause for removal from office, is a default in not doing a lawful thing in a proper manner, or omitting to do it as it should be done. Justice CARR raised this question (p 150):

"Did the acts of the defendant on the basis of which the order of removal was made constitute misfeasance within the meaning of the section of the controlling statute?"

He proceeded to hold that the fee-splitting arrangement into which defendant entered with his fellow bailiff enabled him to receive compensation for services that he did not personally render; that defendant's lack of attention to the work of his office was not consistent with his duties as a public officer; that the arrangement made was not consistent with sound principles of public policy relating to the performance of official acts for which the incumbent of the office was charged with personal responsibility.

The continued failure to serve process in the instant case is the same as in the *Cartwright Case.* Failure for long periods of time to serve process, in accordance with the duties set forth in the statute, is misfeasance. It is to be noted that the statute calls to the attention of the court its duty to compel bailiffs serving process out of such court to perform their duties. Nonfeasance is a substantial failure to perform a duty, or, in other words, the neglect or refusal, without sufficient excuse, to do that which it was the officer's legal duty to do. Failure to perform the duties of a public office is in and of itself not only nonfeasance but also malfeasance.

Public policy dictates that those who have charge of public officers and officials have the authority to remove them if they fail to carry out their duties, whether those duties are placed on them by statute or by the inherent responsibilities and duties of the office itself. Therefore, under the facts and conditions set forth in this case, the lower court was correct in holding that the common pleas court has authority under the statute to remove the bailiff for failure to perform the duties of his office.

The trial court indicated in its opinion and order that if the legislature assumed to restrict the control of the courts over their employees, such action would be unconstitutional, being in violation of the separation of powers between the legislative and judicial branches of government. The power to maintain a judicial department is an incident to the sovereignty of each State. Under the doctrine of the separation of powers of government, judicial power, as distinguished from executive and legislative power, is vested in the courts as a separate entity.*

---

* See Const 1908, art 4, § 1.—REPORTER.

The judiciary is an independent department of the State, deriving none of its judicial powers from either of the other 2 departments. This is true although the legislature may create courts under the provisions of the Constitution.* The judicial powers are conferred by the Constitution and not by the act creating the court. The rule is well settled that under our form of government the Constitution confers on the judicial department all the authority necessary to exercise its powers as a co-ordinate branch of the government. It is only in such a manner that the independence of the judiciary can be preserved. The courts cannot be hampered or limited in the discharge of their functions by either of the other 2 branches of government. To remove bailiffs and other court personnel for cause is an inherent power of the judiciary.

The remaining question deals with the fact the plaintiff has established a residence outside the jurisdiction of the court. When plaintiff was elected constable from one of the wards of the city of Detroit prior to the enactment of CLS 1956, § 728.23 (Stat Ann 1959 Cum Supp § 27.3674), there was in effect CL 1948, § 201.3 (Stat Ann § 6.693), the pertinent provision of which reads as follows:

"Every office shall become vacant, on the happening of any of the following events, before the expiration of the term of such office: * * *

"4. His ceasing to be an inhabitant of this State; or, if the office be local, of the district, county, township, city, or village, for which he shall have been elected or appointed, or within which the duties of his office are required to be discharged."

Section 19 of the common pleas court act, CL 1948, § 728.19 (Stat Ann § 27.3670), reads as follows:

---

* See Const 1908, art 7, § 1.—REPORTER.

"All the provisions of general statutes, local or special acts and the provisions of the charter of any such city, relating to justices of the peace and to justices courts in such city, shall apply to such common pleas court except so far as such provision may be inconsistent with the provisions of this act."

Residence requirements existed for constables and such requirements were carried over into the common pleas court act which created the office of bailiff as successor to such constable. We, therefore, find no legal basis in the argument the residence requirements apply only to newly selected bailiffs and not to those who were automatically made bailiffs under the act.

The order of the trial court dismissing plaintiff's bill of complaint is affirmed. A public question being involved, no costs are allowed.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.