**DISTRICT COURT FOR DISTRICT IX
of the State of Maine**

**v.**

**Ruth WILLIAMS and State Employees
Appeals Board.**

Supreme Judicial Court of Maine.

Aug. 20, 1970.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, Sumner J. Goffin, Portland, for plaintiff.

George A. Wathen, Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE, and POMEROY, JJ.

POMEROY, Justice.

Prior to September 8, 1969, Ruth Williams was a clerical assistant in the District Court, District IX, Portland. She had been appointed to this position by the Chief Judge of the District Court who acted pursuant to 4 M.R.S.A. 159. As such clerical assistant she was an "employee in the judicial service of the State" and thus in unclassified service. 5 M.R.S.A. 711(4).

On September 8, 1969, the Chief Judge of the District Court notified her in writing that her employment was terminated October 1, 1969.

It is agreed she seasonably complied with the appeal procedures described in 5 M.R.S.A. 751–753. The District Court responded by filing a motion to dismiss the appeal in the Appeals Board. Upon this motion being denied, appeal was seasonably taken to the Superior Court pursuant to Rule 80B M.R.Civ.P.

The cause is before us on report from the Superior Court for determination of the issues presented by the pleadings.

■ The issue becomes: Does the State Employees Appeals Board have jurisdiction to hear and decide the appeal of an employee of the Judicial Department of the State who has been discharged from her

employment by the Chief Judge of the District Court?

We answer it does not.

Article III, Sec. 1, Constitution of Maine declares:

"The powers of this government shall be divided into three distinct departments, the legislative, executive and the judicial."

There follows in Sec. 2:

"No person or persons, belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others, except in cases herein expressly directed or permitted."

Article VI, Sec. 1, of the Constitution authorizes the Legislature from time to time to establish courts other than the Supreme Judicial Court. The District Court was created by the Legislature (4 M.R.S.A. 151), acting under this constitutionally granted power.

■ Even though this is so, the judicial powers of the District Court are conferred by the Constitution not by the Act creating the Court. Gray v. Hakenjos, 366 Mich. 588, 115 N.W.2d 411 (1962).

■ Upon its coming into being the District Court became a part of the judicial branch of the Government which branch is, under the American political scheme, coequal with the executive branch and the legislative branch.

"The division of governmental powers into executive, legislative and judicial in this country is a subject familiar, not only to lawyers and students, but is a part of the common knowledge of the citizen. It represents, probably, the most important principle of government declaring and guaranteeing the liberties of the people, and has been so considered, at least, since the famous declaration of Montesequieu that 'there can be no liberty * * * if the power of judging be

not separated from the legislative and executive powers * * *.' "

Searle v. Yensen, 118 Neb. 835, 226 N.W. 464, 69 A.L.R. 257.

In Bowden v. Cumberland County, 123 Me. 359, 123 A. 166 at 169, our Court quoted 7 R.C.L. 1050, as follows:

"Of the element of sovereignty which is exclusively and intrinsically judicial, the people gave the courts all they had to give; and while the domain of the judiciary is not so extensive as that of the other departments no other power can enter that domain without a violation of the Constitution, for within it the power of the judiciary is dominant and exclusive. When any power is conferred upon a court of justice, to be exercised by it as a court, in the manner and with the formalities used in its ordinary proceedings, the action of such court is to be regarded as judicial, irrespective of the original nature of the power."

The State Employees Appeals Board (5 M.R.S.A. 751 et seq.) is a part of the executive branch of our Government.

If jurisdiction can be exercised by the Employees Appeals Board in the circumstances here described, there results a review by the executive branch of the government of the action of the judicial branch. This Article III, Sec. 2, of the State Constitution prohibits.

In Gray v. Hakenjos, 366 Mich. 588, 115 N.W.2d 411 (1962), the Michigan Supreme Court, of an issue markedly similar to that here presented, said:

"Public policy dictates that those who have charge of public officers and officials have the authority to remove them if they fail to carry out their duties, whether those duties are placed on them by statute or by the inherent responsibilities and duties of the office itself. Therefore, under the facts and conditions set forth in this case, the lower court was correct in holding that the common pleas

court has authority under the statute to remove the bailiff for failure to perform the duties of his office.

"The trial court indicated in its opinion and order that if the legislature assumed to restrict the control of the courts over their employees, such action would be unconstitutional, being in violation of the separation of powers between the legislative and judicial branches of government. The power to maintain a judicial department is an incident to the sovereignty of each state. Under the doctrine of the separation of powers of government, judicial power, as distinguished from executive and legislative power, is vested in the courts as a separate entity.

"The judiciary is an independent department of the State, deriving none of its judicial powers from either of the other 2 departments. This is true although the legislature may create courts under the provisions of the constitution. The judicial powers are conferred by the constitution and not by the act creating the court. The rule is well settled that under our form of government the constitution confers on the judicial department all the authority necessary to exercise its powers as a co-ordinate branch of the government. It is only in such a manner that the independence of the judiciary can be preserved. The courts cannot be hampered or limited in the discharge of their functions by either of the other 2 branches of government. To remove bailiffs and other court personnel for cause is an inherent power of the judiciary."[1]

■ We must and do hold that the provisions of 5 M.R.S.A. 751–753 are inap-

plicable to employees in the judicial service of the State.

The entry will be

Appeal sustained.

---

1. For excellent discussions of the separation of powers doctrine see Buback v. Romney, 380 Mich. 209, 156 N.W.2d 549; In the Matter of Richardson, 247 N.Y. 401, 160 N.E. 655; People ex rel. Fisher v. Luxford, 71 Colo. 442, 207 P. 477; In Re Interrogatory of the Governor, 162 Colo. 188, 425 P.2d 31 (1967).