## The People v. John H. Colleton.

59 573
s26NW 771
133 1184

*Saloon open on Sunday—Clerk of police court cannot take complaint or issue warrant.*

1. The clerk of the police court of Grand Rapids, has no power to take a complaint and issue a warrant for keeping a saloon open on Sunday, nor can such power be conferred upon that officer by statute.

2. Such a prosecution could only be had in some court of competent jurisdiction, authorized by the Constitution, and the taking of the

complaint, examination of witnesses and determination therefrom whether or not the offense charged has been committed, preliminary to issuing a warrant, involve judicial action, which can only be taken by such court.

Error to Kent. (Montgomery, J.) Argued January 28, 1886. Decided February 3, 1886.

Keeping saloon open on Sunday. Respondent brings error. Reversed.

*L. E. Carroll, E. S. Eggleston* and *O. C. Ransom*, for respondent:

Act 127 Public Laws of 1885, in so far as it seeks to confer judicial powers on the clerk of the police court of Grand Rapids, is unconstitutional.

The judicial power is vested in one Supreme Court, circuit courts, and justices of the peace, and municipal courts of civil and criminal jurisdiction created by the Legislature: Art. 6 § 1 Const. The taking of a complaint in a criminal case and passing upon its sufficiency is a judicial act: *Wall v. Trumbull,* 16 Mich. 235; *Pardee v. Smith,* 27 Mich. 33; *People v. Lynch,* 29 Mich. 274; *Morton v. Crane,* 39 Mich. 530; *Allor v. Wayne Co. Auditors,* 43 Mich. 97.

*Moses Taggart,* Attorney General, for people:

Holding to bail by an officer of a court is not a judicial act: *Daniels v. People,* 6 Mich. 381, and the power of a referee in the trial of cases is not the exercise of judicial power: *Underwood v. McDuffy,* 15 Mich. 361. The entertaining of a complaint and issuing of a warrant based upon it, is neither the hearing or trial of offenders, and no judgment or order in any sense of the term can be made in that stage of the prosecution. In fact, it is quite similar with the examination of a person charged with crime beyond the jurisdiction of a justice to try. The officer to whom the complaint is made, determines from the showing made by the complaint and examination, whether there is probable cause to believe that the person charged with the offense is guilty, and having so determined, issues the process of the court to bring him before it for trial and judgment: Story on Const. 6th ed. sec. 640; *Cox v. Coleridge,* first B. & C. 37; *Ex parte Gish,* 26 Ala. 156; *Flournoy v. City of Jeffersonville,* 17 Ind. 174. The object of the statute was to facilitate the exe-

cution of business in the police court, and enable it to be put in operation, and violators of the law to be apprehended and brought before the court for trial at a time when the judge might be absent and unable to participate, actively, in issuing the process. If not within the inhibitory provisions of the Constitution it will aid in the strict enforcement of the laws of the city.

SHERWOOD, J. The defendant in this case was arrested on a warrant issued upon a complaint made to the clerk of the police court of Grand Rapids, for keeping his saloon open, in violation of law, on Sunday.

The complaint was taken, reduced to writing, sworn to before, and the warrant issued thereon by, the clerk of said court, upon which the defendant was arrested, tried and convicted in the police court, and, on his appeal to the circuit court, he was again tried and convicted, and the case is now before this Court on error to the circuit.

But a single question is presented upon the record needing consideration.

It is claimed by the defendant that both courts were without jurisdiction in the case; that the clerk of the police court of the city of Grand Rapids had no power to take the complaint and issue the warrant in the case, and so far as the act of the Legislature organizing said court, and the acts amendatory thereto, authorize the exercise of such judicial power by the clerk, they are unconstitutional.

That the statute under which the proceeding in the case was taken provides that the complaint shall be made to a justice of the peace, or a police justice; and that it must be made to appear from the examination of witnesses that the offense has been committed, before he shall issue his warrant for the arrest of the defendant.

We think the position taken by defendant's counsel is correct upon both grounds: Section 1, Art. 6, Const.; Pub. Acts 1885, p. 125, § 5; How. Stat. §§ 2280, 7093; *People v. Lynch*, 29 Mich. 273; *Morton v. Crane*, 39 Mich. 530.

The prosecution of the defendant, for the offense charged, could only be had in some court of competent jurisdiction,

the existence of which is authorized by the Constitution, and the taking of the complaint, and the examination of witnesses, and the determination therefrom whether or not the offense has been committed, preliminary to issuing the warrant, involve judicial action, which can only be taken by a court, and which cannot be performed by a clerk; neither can the power to perform it be conferred upon that officer.

The verdict in the case must be set aside, and the proceedings dismissed, and the defendant discharged.

The other Justices concurred.