PEOPLE, ex rel. ATTORNEY GENERAL, v. HOLSCHUH.

1. CONSTITUTIONAL LAW—POWERS OF COURT SAFEGUARDED BY CONSTITUTION.

The inherent powers of the court of equity are safeguarded by the Constitution, and are not subject to be brushed aside or rendered supine by legislative mandate.[1]

2. SAME—COURT WILL NOT RESPOND WHEN ITS CONSTITUTIONAL POWERS INTERFERED WITH BY LEGISLATIVE POWER.

The court will enforce valid legislation and its powers will respond thereto, but when legislation seeks to control judicial action to the extent of dictating the substance of decrees and forbidding any lesser degree of restraint, regardless of equity and justice, there is a departure from legislative power and an unwarranted interference with judicial power.[2]

3. SAME—COURT MUST CONSTRUE STATUTE AS WITHIN CONSTITUTION IF POSSIBLE.

In construing Act No. 389, Pub. Acts 1925, providing for the establishment of the existence of a nuisance where a building is used in violating the prohibition law, that it be closed for one year, and that the furniture, fixtures, and contents be removed and sold, the court must give it a reasonable construction and bring it within constitutional limitations, if possible.[3]

4. INTOXICATING LIQUORS—NUISANCES—STATUTES—CONSTRUCTION.

Under Act No. 389, Pub. Acts 1925, furniture, fixtures, and contents employed in violating the prohibition law may be seized and sold to satisfy the costs of abatement of the nuisance, but to go beyond this, and seize and sell all the contents of the building, regardless of whether unlawfully used or not, is unwarranted.[4]

5. SAME—COURT PROPERLY EXERCISED JUDICIAL DISCRETION.

Although the statute provided for locking the building regardless of circumstances, the court below was acting within judicial power in refusing to follow said mandate,

[1]Constitutional Law, 12 C. J. § 260; [2]Id., 12 C. J. § 286 (Anno); [3]Id., 12 C. J. § 220; [4]Intoxicating Liquors, 33 C. J. §§ 399, 412 (Anno).

and, exercising judicial discretion, in refusing to lock the building.[5]

6. SAME—STATUTE AS CONSTRUED NOT UNCONSTITUTIONAL.

    Act No. 389, Pub. Acts 1925, construed as providing, within judicial discretion, for the abatement of nuisances and the closing of buildings and seizure 'and sale of contents when used in violating the prohibition law, does not violate Federal or State constitutional provisions.[6]

Appeal from Wayne; Merriam (De Witt H.), J. Submitted April 13, 1926.    (Docket No. 74.)    Decided June 7, 1926.

Bill by the people of the State of Michigan, on the relation of Andrew B. Dougherty, attorney general, against Adam Holschuh and others to abate a nuisance under Act No. 389, Pub. Acts 1925.    From the decree rendered, plaintiff appeals.    Modified and affirmed.

*Andrew B. Dougherty,* Attorney General, and *Harry N. Deyo,* Assistant Attorney General, for plaintiff.

*McClear & Toy (Percy W. Grose, Howard H. Colby,* and *Bernard P. Costello,* of counsel), for defendants Holschuh.

WIEST, J.    The bill herein was filed by the attorney general under the provisions of Act No. 389, Pub. Acts 1925, to have the premises known as 731 Bates street, city of Detroit, declared a nuisance by reason of sales of intoxicating liquors, to have the nuisance abated, the furniture therein seized and sold, and the premises closed for a period of one year.    Defendant Adam Holschuh is owner of the premises.    Defendant Augusta Holschuh is dead.    Defendant Lon Hunter was lessee of the first floor of the premises and conducted therein a lunch counter with soft drinks

[5]Constitutional Law, 12 C. J. § 286 (Anno); [6]Intoxicating Liquors, 33 C. J. §§ 62, 412 (Anno).

and alcoholic beer, and defendant Leo Decone was employed by Hunter.

The evidence at the hearing established a violation of the prohibition law by defendant Hunter. The court entered decree restraining Hunter and Decone from selling, storing, furnishing, or possessing intoxicating liquors on the premises and throughout the judicial circuit, and enjoined Holschuh, his servants, agents, and employees from permitting the premises, or any part thereof, to be used in the unlawful storing, furnishing or possessing of intoxicating liquors, and decreed sections 1, 6, 7, 9, 12, 13, 14, and 15 of Act No. 389, Pub. Acts 1925, unconstitutional, and section 4 of the act unreasonable in its provisions, and denied to plaintiff relief other than granted. The case is here by appeal of the attorney general, and presents the questions of whether the premises, first and second floors, must be locked for one year, and whether the furniture therein must be decreed to be sold. Many other questions are urged in the brief of counsel for defendants.

We will confine decision solely to the points in this case involved, leaving consideration of all other points until such time as they come before us in a case requiring decision thereon. It is conceded that defendant Holschuh is owner of the premises; that defendant Hunter was lessee of the first floor; and the proofs show there is a second floor with an entrance thereto at 729 Bates street, and with which defendant Hunter had nothing to do.

Was the court bound, regardless of circumstances appealing to conscience, to order the premises locked for one year, and to decree that the furniture, regardless of whether connected with violation of the law, be seized and sold? Consideration of some fundamental principles relative to the powers of government will aid greatly in determining the issues before us. Intoxicating liquors are outlawed, traffic therein pro-

hibited, possession thereof proscribed, sales or gifts thereof penalized, and no one, rich or poor, high or low, saint or sinner, may defy the law.    The law, however, must observe constitutional limitations; but within such limitations the legislative power may command, the executive power must enforce, and the judicial power respond.    The full power of the State may be summoned in aid of enforcement of the law, and to this end the criminal law may punish and the civil law lend its coercive power to prevent violations. In aid of enforcement of the prohibition law the legislature has invoked the aid of the court of equity, its processes and power of restraint, but has attempted to direct by mandate restrictions upon judicial action and commands of particular action wholly inconsistent with the inherent powers of the court.    The inherent powers of the court of equity are safeguarded by the Constitution and are not subject to be brushed aside or rendered supine by legislative mandate.    As an equal and co-ordinate branch of the government the judicial power must be permitted to function within its allotted sphere free from mandate of the legislative and executive powers, else be shorn at the will of mere equals.    This is said to mark judicial independence, without which a constitutional court might be but an appanage of the legislative power, and not to sense a spirit of strife or lack of co-ordination between the powers.    The court will enforce valid legislation and its powers will respond thereto, but when legislation seeks to control judicial action to the extent of dictating the substance of decrees and forbidding any lesser degree of restraint, regardless of equity and justice, there is a departure from legislative power and an unwarranted interference with judicial power.    Having stated these principles, it only remains to make application thereof to the questions before us.

The act (§ 12) provides:

"If the existence of the nuisance be established in an action as provided in this act, an order of abatement shall be entered as a part of the judgment in the case, which order shall direct the removal from the building or place of all furniture, fixtures, and contents therein and shall direct the sale thereof in the manner provided for the sale of chattels under execution, and the effectual closing of the building or place against its use for any purpose, and so keeping it closed for a period of one year, unless sooner released as in this act provided." * * *

The act then provides for the sale of the furniture and fixtures, the payment of expenses and costs and of liens and payment of the balance into the treasury of the State.

The attorney general concedes that application of the seizure provision should be limited to the part of the building controlled by an offender. Defendants contend that the provision is unconstitutional because, by its terms, it provides for the seizure of all the furniture in the building, regardless of whether owned or possessed by an offender or bears any relation to the nuisance to be abated. We must give the law a reasonable construction and bring it within constitutional limitations, if possible.

Furniture, fixtures, and contents of a place, employed in violating the law, may be seized and sold to satisfy the costs of abatement, but to go beyond this and seize and sell all the furniture and fixtures in the building to appease the wrath of the law would smack of the old English law of deodand, under which any personal chattel whatever, animate or inanimate, which was the immediate cause of the death of a human creature, was forfeited to the king to be distributed in alms by his high almoner "for the appeasing," says Coke, "of God's wrath." Bouvier's Law Dictionary, subject Deodand.

We think plaintiff entitled to a decree authorizing seizure of the furniture, fixtures and utensils employed

by defendant Hunter in and about the nuisance complained of and their sale to satisfy the costs of abatement.

Was the court in error in exercising judicial discretion and refusing to lock the building for one year as directed by the legislative mandate? We may concede the power of the court to penalize an owner of property for criminal use thereof by a tenant, on the ground that the owner knew, or within reason should have known, of such unlawful use, but it does not follow that the legislature may by mandate compel the penalization in every case regardless of circumstances. The Federal act is permissive and not mandatory. The learned circuit judge was clearly acting within judicial power in refusing to lock the building for one year, anything in the legislative act to the contrary notwithstanding.

Defendants have not appealed.

Under this record, and as we have construed and applied the law to this case to seizure and abatement, the act does not violate constitutional provisions, Federal or State. Questions urged on supposititious cases must await decision until before us in a concrete case. We do not pass on the questions relating to procedure because there was a hearing on the merits, and no claim is made of any injury occasioned by the speed enjoined by the statute.

That portion of the decree in the circuit adjudging sections 1, 6, 7, 9, 12, 13, 14, and 15 unconstitutional, and section 4 unreasonable, is eliminated. With such elimination and the mentioned modification, the decree is affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.