CITY OF BIRMINGHAM v 48th DISTRICT JUDGE

OPINION OF THE COURT

1. COURTS—CONSTITUTIONAL LAW—CRIMINAL LAW—ARREST WAR-
   RANTS—JUDICIAL FUNCTIONS—PROBABLE CAUSE—INDEPENDENT
   JUDGMENT.

   Issuing arrest warrants is a basic judicial function, and the
   determination of whether sufficient probable cause exists in a
   particular case is one which can be made only by a judicial
   officer; the judiciary never has an absolute, clear duty to issue a
   warrant of any kind, for any person, unless and until satisfied
   by a detached, independently neutral judgment of all known
   facts and circumstances that probable cause does exist.

2. COURTS—CONSTITUTIONAL LAW—CRIMINAL LAW—ARREST WAR-
   RANTS—LEGISLATURE—PROBABLE CAUSE.

   The judiciary has the power to refuse to issue an arrest warrant
   in certain cases and the Legislature may not remove this power
   by providing that certain facts must be accepted by the court as
   establishing probable cause for the issuance of an arrest war-
   rant.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—PARKING VIOLATIONS—
   PROBABLE CAUSE—ARREST WARRANTS—EVIDENTIARY REBUTTA-
   BLE PRESUMPTIONS—STATUTES.

   A portion of the statute regarding parking violations, proofs,
   probable cause for the issuance of arrest warrants, and pre-
   sumptions is unconstitutional where it provides that certain
   facts must be accepted by the court as establishing probable
   cause for the issuance of an arrest warrant; a portion of the
   same statute is constitutional where it establishes an eviden-
   tiary rebuttable presumption that the registered owner of an

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 5 Am Jur 2d, Arrest §§ 10, 16.
[2, 4, 5] 5 Am Jur 2d, Arrest § 11.
[3, 5] 7 Am Jur 2d, Automobiles and Highway Traffic § 325.
Inference or presumption that owner of motor vehicle was its driver
   at time of traffic, driving, or parking offense. 49 ALR2d 391.
[4] 73 Am Jur 2d, Statutes §§ 22–25.

illegally parked vehicle was the person who so parked the vehicle (MCLA 257.675a; MSA 9.2375[1]).

CONCURRENCE BY DANHOF, C. J.

4. Courts—Constitutional Law—Criminal Law—Judicial Functions—Legislative Intrusions—Probable Cause—Permissive Reading—Mandatory Statutory Language.

*It is an impermissible legislative intrusion upon judicial functions for a statute to deprive a magistrate of any discretion whatsoever in determining whether probable cause exists for the issuance of an arrest warrant; where the Legislature's plain intent was that the statute be mandatory, as evidenced by the use of the term "shall" in the statute, it is inappropriate to save the statute by giving it a permissive reading.*

5. Courts—Abuse of Discretion—Arrest Warrants—Parking Violations.

*An abuse of discretion in the refusal to issue an arrest warrant for the arrest of an owner of a motor vehicle ticketed for illegal parking would be shown where a judge refused to issue the warrant under circumstances which indicate an uncontested parking violation, uncontested verification of defendant's sole ownership of the vehicle, and no allegation that defendant was not, in fact, the operator of the vehicle at the time and place of the alleged violation.*

Appeal from Oakland, Frederick C. Ziem, J. Submitted March 2, 1977, at Lansing. (Docket No. 24548.) Decided June 6, 1977.

Complaint by the City of Birmingham against Iris G. Schlesinger seeking the issuance of an arrest warrant for her failure to pay a parking ticket or appear in court. The 48th District Judge found no probable cause for the issuance of the warrant and held the statute which requires the court to accept certain proofs as establishing such probable cause to be unconstitutional. The city sought an order of superintending control in the circuit court to direct the district court judge to issue the warrant. The circuit court upheld the ruling as to the unconstitutionality of the statute

and refused to issue the order of superintending control. The city appealed. The city's appeal was treated as an appeal on leave granted. Affirmed as modified.

*Hartman, Beier, Howlett, McConnell & Googasian* (by *Eric J. McCann*), for plaintiff.

*Leitman and Roeser,* for defendant.

Before: DANHOF, C. J., and T. M. BURNS and J. E. McDONALD,* JJ.

T. M. BURNS, J. The City of Birmingham appeals from the circuit court's denial of an order of superintending control.[1]

On April 25, 1974, a Birmingham parking enforcement officer placed a ticket on an automobile with the license number KRV 390 for being illegally parked. The owner of the vehicle was Iris G. Schlesinger. Ms. Schlesinger failed to pay the parking ticket. On August 23, 1974, the city filed a complaint against Ms. Schlesinger. A city attorney and the parking enforcement officer appeared before District Court Judge Carl Ingraham and requested that an arrest warrant be issued for Ms. Schlesinger's failure to pay the ticket or appear in court.

At a hearing on the motion for issuance of a warrant, the parking enforcement officer testified that she witnessed the violation and ticketed the vehicle. The city attorney introduced a certified

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] We note that this appeal is not properly within the jurisdiction of this Court as an appeal as of right as plaintiff had a plain, speedy and adequate remedy of appeal to the circuit court from the district court's decision. *See, Moore v 9th District Judge*, 69 Mich App 16; 244 NW2d 346 (1976). In order to dispose of the case on the merits, however, we treat the appeal as on leave granted.

copy of the vehicle registration for the ticketed automobile. The city attorney then requested issuance of an arrest warrant pursuant to 1974 PA 78, § 1 [MCLA 257.675a; MSA 9.2375(1)], which provides in relevant part as follows:

"[I]n any proceeding relating to arrest and prosecution for the violation of a local ordinance or state statute relating to the standing or parking of a vehicle, proof that the particular vehicle described in the complaint was parked in violation of the ordinance or state statute, together with proof, by verifying ownership of the vehicle with the secretary of state, that the defendant named in the complaint was at the time of the parking the registered owner of the vehicle, *shall be accepted by the court as establishing probable cause for the issuance of a warrant* for the arrest of the registered owner, and *creates in evidence a presumption that the registered owner of the vehicle was the person who parked* or placed the vehicle at the point where, and for the time during which, the violation occurred." (Emphasis added.)

The district court judge found that there was no probable cause for issuance of the warrant as there was no rational relationship between the facts presented to it and probable cause to believe that Ms. Schlesinger committed the offense. The judge further found that the portion of 1974 PA 78 which requires the court to accept certain proof as establishing probable cause is unconstitutional as contrary to the separation of powers doctrine established by the Michigan Constitution of 1963.

The city sought an order of superintending control in the Oakland County Circuit Court directing the district court judge to issue the arrest warrant. Circuit Court Judge Frederick Ziem refused to issue the order, ruling that 1974 PA 78 is unconstitutional because it violates Const 1963, art 3, § 2

by limiting powers which are inherent in the judicial branch of government.

Apparently content to rely upon the brief it submitted in the circuit court, the city does not address the issue which we must answer—whether the circuit court erred in finding 1974 PA 78 unconstitutional. We address the question, nevertheless, because of its significance to the jurisprudence of this state.

Const 1963, art 3, § 2 provides:

"The powers of government are divided into three branches; legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution."

"The rule is well settled that under our form of government the Constitution confers on the judicial department all the authority necessary to exercise its powers as a co-ordinate branch of the government. It is only in such manner that the independence of the judiciary can be preserved. The courts cannot be hampered or limited in the discharge of their functions by either of the other 2 branches of government." *Gray v Clerk of Common Pleas Court,* 366 Mich 588, 595; 115 NW2d 411 (1962).

Issuance of arrest warrants is a basic judicial function, and the determination of whether sufficient probable cause exists in a particular case is one which can be made only by a judicial officer. *People v Colleton,* 59 Mich 573; 26 NW 771 (1886). We agree with Judge Ziem's ruling that "the judiciary never has an absolute, clear duty to issue a warrant of any kind, for any person, unless and until satisfied by a detached, independently neutral judgment of all known facts and circumstances, that probable cause exists".

MCLA 257.675a; MSA 9.2375(1) provides that

certain facts must be accepted by the court as establishing probable cause for the issuance of an arrest warrant. This completely removes from the judiciary the power to refuse the issuance of an arrest warrant in certain cases. This the Legislature may not do.[2] *People v Colleton, supra.*

However, we do not agree with the ruling of the circuit court that the entire act is unconstitutional. That portion of MCLA 257.675a; MSA 9.2375(1) requiring the acceptance of certain facts as establishing probable cause is severable from the remainder of the section establishing an evidentiary rebuttable presumption that the registered owner of an illegally parked vehicle was the

[2] Inherent judicial power of constitutionally created courts cannot be limited or taken away by act of the Legislature. *In re Huff,* 352 Mich 402, 415–416; 91 NW2d 613 (1958).

In *People ex rel Attorney General v Holschuh,* 235 Mich 272; 209 NW 158 (1926), the Attorney General sought to have certain premises where beer was sold declared a nuisance and to have the furniture used in the business seized and sold and the premises closed for one year pursuant to a prohibition statute. The trial judge found a violation of the prohibition law but refused to order sale of the furniture and closing of the business, ruling the mandatory enforcement provisions of the statute unconstitutional. Prior to ruling the enforcement provisions permissive and thus constitutional, the Supreme Court, per Justice WIEST, stated the following:

"In aid of enforcement of the prohibition law the legislature has invoked the aid of the court of equity, its processes and power of restraint, but has attempted to direct by mandate restrictions upon judicial action and commands of particular action wholly inconsistent with the inherent powers of the court. The inherent powers of the court of equity are safeguarded by the Constitution and are not subject to be brushed aside or rendered supine by legislative mandate. As an equal and co-ordinate branch of the government the judicial power must be permitted to function within its allotted sphere free from mandate of the legislative and executive powers, else be shorn at the will of mere equals. This is said to mark judicial independence, without which a constitutional court might be but an appanage of the legislative power, and not to sense a spirit of strife or lack of co-ordination between the powers. The court will enforce valid legislation and its powers will respond thereto, but when legislation seeks to control judicial action to the extent of dictating the substance of decrees and forbidding any lesser degree of restraint, regardless of equity and justice, there is a departure from legislative power and an unwarranted interference with judicial power." 235 Mich at 275.

person who so parked the vehicle. *People v Mc-Quillan,* 392 Mich 511, 542–543; 221 NW2d 569 (1974). We find nothing improper in this latter portion of the statute. See *People v Kayne,* 286 Mich 571; 282 NW 248 (1938), and Anno: *Inference or presumption that owner of motor vehicle was its driver at time of traffic, driving, or parking offense,* 49 ALR2d 456.

While we uphold the inherent power of the magistrate to exercise discretion in the issuance of arrest warrants, it should be noted that such discretion must not be abused. The reasons given for refusal to issue a warrant in this case are questionable. It appears that the district court judge failed to consider the circumstances of the case, such as the relatively innocuous nature of the offense and the consequence of conviction.

We do not consider whether the judge abused his discretion in this case, however, as the plaintiff did not appeal from the district court decision, nor was an abuse of discretion issue raised in the circuit court.

The judgment of the circuit court is affirmed as modified by this opinion. No costs, a public question being involved.

J. E. McDONALD, J., concurred.

DANHOF, C. J. *(concurring).* I concur with Judge BURNS' well-reasoned opinion, but write separately to note two additional factors that enter into my decision.

First, it is clear that MCLA 257.675a; MSA 9.2375(1) was designed[1] to deprive the magistrate

---

[1] Counsel for the City of Birmingham represented to this Court during oral argument that the statute was a legislative response to a recurring dispute between the parties to this appeal concerning the proper basis for issuing arrest warrants. He stated that the statute

of any discretion whatsoever in determining whether probable cause exists for the issuance of an arrest warrant. I agree that this is an impermissible legislative intrusion upon the judicial function. In view of the Legislature's plainly mandatory intent *("shall* be accepted by the court as establishing probable cause for the issuance of a warrant"), it would be inappropriate to save the statute by giving it a permissive reading. *Cf. People ex rel Attorney General v Holschuh,* 235 Mich 272; 209 NW 158 (1926).

Secondly, no claim of abuse of discretion was raised in this appeal. Thus we are not asked to determine whether, apart from the statute, the district judge abused his discretion in refusing to issue an arrest warrant under the circumstances of this case, which include an uncontested parking violation, uncontested verification of defendant's sole ownership of the vehicle, and no allegation that defendant was not, in fact, the operator of the vehicle at the time and place of the alleged violation. Were the question of abuse of discretion before us for decision, I would vote to reverse under the circumstances of this case.

---

was enacted "at our request", that "we wrote it", and that "our local representative introduced it".