## PEOPLE v STUBBLEFIELD

Docket No. 46987. Submitted June 23, 1980, at Detroit.—Decided August 18, 1980.

William J. Stubblefield, a prisoner who was on an extended furlough, failed to report as directed to a corrections officer on a weekly basis to have his furlough extended. He was charged with escape and bound over for trial. The Recorder's Court of Detroit, Samuel H. Olsen, J., granted Stubblefield's motion to quash the information, finding that the corpus delicti of the offense had not been established and that the examining magistrate had abused his discretion in binding the defendant over for trial. The charge was dismissed, and the people appeal. *Held:*

For purposes of the statute which prohibits escape, a person escapes if he removes himself from the imposed restraint over his person and his volition. By failing to report weekly as directed, the defendant removed himself from this restraint. The failure to report thus constitutes an escape, and the magistrate properly bound the defendant over for trial.

Reversed and remanded.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — MAGISTRATES.

A magistrate at a preliminary examination is to bind a defendant over for trial if it appears that a felony has been committed and there is probable cause to believe that the defendant committed it; it is not necessary to find guilt beyond a reasonable doubt, but there must be evidence on each element of the crime charged or evidence from which those elements may be inferred.

2. ESCAPE — REMOVAL FROM RESTRAINT — STATUTES.

A person escapes, for purposes of the statute prohibiting prison

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 442.5, 443, 450.
[2, 3] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 1.
[3] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 6.
Failure of prisoner to return at expiration of work furlough or other permissive release period as crime of escape. 76 ALR3d 658.

escape, if he removes himself from the imposed restraint over his person and his volition (MCL 750.193; MSA 28.390).

3. Escape — Statutes.

Failure of a defendant who was on extended furlough from prison to satisfy one of the conditions of the furlough by reporting weekly to a corrections officer to have his furlough extended constituted an escape for purposes of the statute prohibiting prison escape (MCL 750.193; MSA 28.390).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

Before: J. H. Gillis, P.J., and V. J. Brennan and A. C. Miller,* JJ.

Per Curiam. On April 25, 1979, the defendant was bound over for trial on a charge of escape, MCL 750.193; MSA 28.390, MCL 791.265a; MSA 28.2325(1). The defendant thereafter moved the lower court to quash the information. The motion was granted and the charge dismissed. The lower court judge found that the corpus delicti of the offense had not been sufficiently established and that the examining magistrate had abused his discretion in ruling to the contrary. From this determination, plaintiff appeals as of right.

An examination of the preliminary examination testimony shows that the defendant had been placed on an extended furlough and authorized to reside at an approved residence.[1] One condition of the defendant's extended furlough was the requirement that he report weekly at an assigned time to

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The defendant was not on parole at the time of the charged escape. His status was that of an inmate of a Michigan correctional institution.

a corrections agent. One purpose of this weekly visit was to renew the pass which authorized him to remain on extended furlough. The defendant failed to report on July 26, 1978, and at any time thereafter. He was arrested and returned to custody approximately one year later.

The statutory duty of the magistrate at a preliminary examination is to bind the defendant over for trial if it appears at the conclusion of the examination that a felony has been committed and there is probable cause to believe that the defendant committed it. The magistrate is not required to find the guilt of the defendant established beyond a reasonable doubt. However, there must be evidence on each element of the crime charged or evidence from which those elements may be inferred. *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979).

For purposes of MCL 750.193; MSA 28.390, an individual "escapes" if he removes himself from the imposed restraint over his person and volition. *People v Thomas,* 1 Mich App 118, 123; 134 NW2d 352 (1965), citing *People v Richards,* 247 Mich 608, 612; 226 NW 651 (1929). In the present case, one of the imposed restraints over the defendant's person and volition was the weekly reporting requirement. Defendant was required to return to a particular corrections agent to have his furlough renewed. By failing to return and report for nearly one year, the defendant removed himself from this imposed restraint. Accordingly, this failure to report constitutes an escape. Compare *People v Strong,* 53 Mich App 620; 219 NW2d 804 (1974).

In view of the foregoing, we find that the examining magistrate did not abuse his discretion in binding the defendant over on the escape charge. The evidence adduced at the preliminary examina-

tion was sufficient to establish the corpus delicti of this offense. The lower court judge's determination to the contrary was erroneous.

Reversed and remanded for trial.