#### PEOPLE v McWILSON

Docket No. 45703. Submitted January 6, 1981, at Grand Rapids.—
      Decided March 16, 1981.

Benjamin McWilson was convicted of first-degree criminal sexual
      conduct in the Kalamazoo Circuit Court, Patrick H. McCauley,
      J. The crime with which defendant was charged occurred in the
      West Campus Apartments near Western Michigan University
      in Kalamazoo, Michigan. The complainant was awakened in
      her apartment by a man who wore a bandana mask from the
      bridge of his nose to his throat. He took the complainant to the
      laundry room in her building and sexually assaulted her.
      During the assault, the man sat on a table used for folding
      clothes, leaned back and placed his ungloved hands, palms
      down, behind him.

   At trial, the complainant was unable to identify defendant as
      her assailant. He was identified by fingerprints found on the
      laundry room table in a location consistent with the complain-
      ant's description of her assailant's sitting position. Defendant
      appeals. *Held:*

   1. The trial court did not err in denying a motion for a
      directed verdict of acquittal. The frequently stated rule where
      the people's case is based on circumstantial evidence is that the
      prosecution has the burden of proving that there is no innocent
      theory possible which will, without violation of reason, accord
      with the facts. However, that rule has proven unworkable in
      close cases and the better approach is to ask whether the
      evidence presented is sufficient to permit reasonable men to
      conclude that guilt has been established beyond a reasonable
      doubt where the physical possibility of the defendant's theory is
      not disproven but the evidence presented makes innocence
      most unlikely. Inferences may be drawn from established facts;

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence §§ 1170-1172, 1176.

[2] 29 Am Jur 2d, Evidence § 166.

Modern status of the rules against basing an inference upon an
      inference or presumption upon a presumption. 5 ALR3d 100.

[3] 29 Am Jur 2d, Evidence § 339 *et seq.*

[4] 21 Am Jur 2d, Criminal Law § 443.

but inference may not be built upon inference. If each inference is independently supported by established fact, any number of inferences may be combined to decide the ultimate question.

2. Opinions as to whether witnesses would believe the defendant under oath are inadmissible. The trial court did not err in holding to be inadmissible the opinions of defendant's witnesses as to whether defendant was believable under oath.

3. The examining magistrate did not err in binding defendant over for trial. The evidence at the preliminary hearing was virtually the same as that at trial. A magistrate at a preliminary examination is to bind a defendant over for trial if it appears that a felony has been committed and there is probable cause to believe that the defendant committed it; it is not necessary to find guilt beyond a reasonable doubt, but there must be evidence on each element of the crime charged or evidence from which those elements may be inferred.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — CIRCUMSTANTIAL EVIDENCE — BURDEN OF PROOF.

The frequently stated rule where the people's case is based on circumstantial evidence is that the prosecution has the burden of proving that there is no innocent theory possible which will, without violation of reason, accord with the facts; however, that rule has proven unworkable in close cases and the better approach is to ask whether the evidence presented is sufficient to permit reasonable men to conclude that guilt has been established beyond a reasonable doubt where the physical possibility of the defendant's theory is not disproven but the evidence presented makes innocence most unlikely.

2. CRIMINAL LAW — INFERENCES.

Inferences may be drawn from established facts, but inference may not be built upon inference; if each inference is independently supported by established fact, any number of inferences may be combined to decide the ultimate question.

3. EVIDENCE — CHARACTER EVIDENCE — OPINIONS — RULES OF EVIDENCE.

Opinions as to whether witnesses would believe the defendant under oath are inadmissible (MRE 405).

4. CRIMINAL LAW — PRELIMINARY EXAMINATION — MAGISTRATES.

A magistrate at a preliminary examination is to bind a defendant over for trial if it appears that a felony has been committed

and there is probable cause to believe that the defendant committed it; it is not necessary to find guilt beyond a reasonable doubt, but there must be evidence on each element of the crime charged or evidence from which those elements may be inferred.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Karen L. Reynolds,* Assistant Prosecuting Attorney, for the people.

*James F. Bauhof* and *Joseph J. Jerkins,* for defendant.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

J. H. GILLIS, J. Defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). He was sentenced to 20 to 40 years imprisonment. He appeals as of right.

The crime with which defendant was charged occurred in the West Campus Apartments near Western Michigan University in Kalamazoo, Michigan. The complainant was awakened in her apartment by a man who wore a bandana mask from the bridge of his nose to his throat. He took the complainant to the laundry room in her building and sexually assaulted her. During the assault, the man sat on a table used for folding clothes, leaned back and placed his ungloved hands, palms down, behind him.

At trial, the complainant was unable to identify defendant as her assailant. He was apparently convicted on the basis of fingerprints found on the laundry room table in a location consistent with the complainant's description of her assailant's sitting position.

On appeal, defendant raises three issues. The first issue asserts that defendant's motions for directed verdict made at the close of the prosecutor's proofs, and again after defendant rested, should have been granted. The basis for this argument is that the evidence was entirely circumstantial, requiring an impermissible pyramid of inferences in order to convict defendant. Further, defendant states that, because the evidence was circumstantial, the prosecutor was required to disprove the theory of innocence advanced by defendant in explanation of the fact that his fingerprints were found on the laundry table.

We affirm the trial court's orders denying defendant's motions for directed verdict.

First, we note our agreement with this Court's opinion in *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977). In that case, it was stated that:

"First, we believe that the implied distrust of circumstantial evidence is not warranted. Whether the evidence is 'direct' or 'circumstantial', we would not allow a conviction if we felt that the evidence was not sufficient to prove guilt beyond a reasonable doubt. To the extent that the rule requires the prosecution to disprove all negative theories, the test could never be met, even by direct evidence. Even with eye-witness testimony there are always innocent theories which are not specifically disproven. There will always be a chance that an eye-witness is honestly mistaken about an identification.

"Second, there is a tendency to classify evidence as 'direct' if the desired inference is compelling and to call it 'circumstantial' if the inference is merely the most likely of several alternatives. * * *

"* * * This is a close case, and that has forced us to examine the rule upon which the defendant's argument rests. We conclude that the rule is defective to the extent that it treats circumstantial evidence differently than direct evidence and to the extent that it requires

the prosecution to *specifically* disprove all innocent theories. It should be sufficient if the prosecution proves its own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defense may produce.

"'* * * The circumstantial evidence rule discussed and rejected herein represents one attempt to state an easily applied mechanical test for singling out those cases [which are simply too weak to go to the jury]. We cannot suggest an alternative test which offers a comparable apparent ease of application. We prefer the more difficult test announced in *People v Royal,* 62 Mich App 756, 757-758; 233 NW2d 860 (1975):

"'In passing on a motion for a directed verdict of acquittal in a criminal case, the reviewing court must 1) consider only the evidence which had been introduced at the time the motion was made * * * 2) view that evidence in the light most favorable to the prosecution * * * and 3) determine whether that evidence, if credible and believed, would justify a reasonable man in concluding that all elements of the crime were established beyond a reasonable doubt.' (Citations omitted.)

"See also *People v Fudge,* 66 Mich App 625; 239 NW2d 686 (1976), *People v Combs,* 69 Mich App 711; 245 NW2d 338 (1976)." 75 Mich App 467, 472-474.

On the basis of *Edgar,* we reject defendant's assertion that the prosecutor was required to specifically disprove defendant's theory of innocence regarding his fingerprints. All the prosecutor was required to do was prove his own theory beyond a reasonable doubt despite the evidence offered by defendant.

We further reject defendant's claim that the jury's verdict was based on an impermissible pyramid of inferences. The circumstantial evidence of defendant's fingerprints upon the laundry table clearly proves that he must have touched the laundry table at some time. The jury could reasonably believe that, because of the extensive use

normally made of the laundry table, fingerprints would remain for only a short period of time. Furthermore, the jury could reasonably believe that, for the fingerprints to be left in the position where they were found, defendant must have touched the laundry table in approximately the same manner as the victim testified her assailant did. Thus, the evidence produced a question of fact which the jury could properly answer. That is, the jury could ask, if defendant sat on this table in the same manner as the victim testified her assailant did, is defendant in fact the assailant? Defendant offered an explanation why he might have sat on that particular laundry table. Apparently the jury did not believe him.

Inferences may only be drawn from established facts, and guilt cannot be found by drawing an inference from another inference. *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974), *People v Petro,* 342 Mich 299; 70 NW2d 69 (1955). In *People v Orsie,* 83 Mich App 42, 48; 268 NW2d 278 (1978), *lv den* 408 Mich 857 (1980), this Court found the "inference upon inference" terminology confusing and misleading, and expressed a preference to scuttle it entirely. Citing a number of decisions, the Court found that what was really meant by the phrase was that an inference may not be based upon evidence which was merely conjectural.

Whatever is meant by the phrase "inference upon inference", the law in Michigan is that guilt may not be based upon such a foundation. However, the fact-finder is not prevented from making more than one inference in reaching its decision. That is, if each inference is independently supported by established fact, any number of inferences may be combined to decide the ultimate question.

In the present case, the jury was required to make three essential inferences in order to find defendant guilty. Each of these inferences was supported by independent evidence. The evidence clearly established that defendant's fingerprints were found on the laundry room table. From this established fact, the jury could hardly infer anything other than that defendant had, at one time or another, touched the laundry room table. This is inference number one.

There was independent evidence that the table was located in the laundry room where the offense took place. There was also testimony that it was unlikely that the table had been moved after it was installed in the laundry room. From this the jury could reasonably infer that defendant must have been present, at one time or another, in that particular laundry room. This is inference number two.

The jury was shown evidence of the location of and position in which defendant's fingerprints were found on the table. There was testimony of how defendant probably sat in order to leave his fingerprints in such a position. The victim testified and demonstrated how her assailant sat on the same table. No inference was involved here. The jury was given the opportunity to compare the manner in which defendant probably sat with the manner in which the assailant sat. Evidence was introduced to show that defendant had no reason to be present in that laundry room. This evidence was countered by defendant's testimony that he might have been in the laundry room while conducting a survey just prior to the date of the offense. He could not say for sure whether or not he was in that particular laundry room. The prosecutor countered defendant's testimony by evidence

that fingerprints were likely to remain on the laundry table for only a short period of time. In considering this evidence, the jury was not involved in an impermissible building of inferences but was merely required to judge how much weight should be assigned to each piece of evidence.

The final inference is that defendant must have sat on the laundry table in the manner described and must have done so at the time the offense occurred. Defendant's argument that from this conclusion the jury must further infer that defendant was the assailant is without merit. The two conclusions are one and the same. That is, the testimony clearly shows that only two people were present in the laundry room at the time the offense occurred: the complainant and her assailant. Of course, the first two inferences must be made before the final one, but that does not constitute an inference upon inference. There is additional independent evidence supporting the final inference, just as there was independent evidence supporting the other inferences.

No matter what the evidence, the jury will always make several inferences in the process of reaching its decision. For instance, before considering the testimony of a witness as proof of the fact asserted, a jury must infer that the witness is telling the truth. See, McCormick, Evidence (2d ed), § 185, p 435. We conclude that the jury could properly infer defendant's guilt from the established facts and that the proofs established the prosecutor's theory of the case beyond a reasonable doubt, despite the contradictory evidence offered by defendant.

The second issue raised by defendant is whether the trial court erred in not allowing defendant's

character witnesses to state whether they would believe defendant under oath. Each witness testified as to defendant's reputation within the community. However, the trial court refused to allow either witness to answer defense counsel's question whether they would believe the defendant under oath.

The trial court's refusal to allow the witnesses to answer was not error. Unlike Federal Rule of Evidence 405, which allows "testimony as to reputation or * * * testimony in the form of an opinion", MRE 405 permits only "testimony as to reputation". On the basis of this fact alone, we conclude that opinion testimony as to character is not permitted in Michigan. This conclusion is further supported by case law developed before the enactment of MRE 405. See, *e.g., People v Albers,* 137 Mich 678, 688; 100 NW 908 (1904), where the witnesses were asked "to give their opinion, based on personal knowledge, and not on reputation, of [defendant's] character for honesty and integrity". Clearly, the witnesses in the instant case were asked to testify in response to a substantively similar question. Therefore, the trial court did not err in sustaining the prosecutor's objections to these questions.

The final claim of error raised by defendant is that the magistrate abused his discretion in finding probable cause that defendant committed the crime. A finding of probable cause requires only "some evidence to satisfy the magistrate that there is probable cause to believe defendant committed the crime". *People v Graves,* 79 Mich App 103, 105; 261 NW2d 226 (1977). Further, "there must be evidence on each element of the crime charged or evidence from which those elements may be inferred". *People v Stubblefield,* 100 Mich App 354, 356; 299 NW2d 4 (1980).

We find no error on the part of the magistrate.
The evidence presented at the preliminary exami-
nation was essentially the same as that presented
at trial. These proofs were sufficient to survive
defendant's motion for a directed verdict; they
were thus clearly sufficient to support the magis-
trate's finding of probable cause.

Affirmed.