PEOPLE v FRANKLIN

Docket No. 59098. Submitted January 7, 1982, at Lansing.—Decided June 22, 1982.

Defendant, James R. Franklin, was arrested in the City of Troy, Oakland County, on an existing misdemeanor warrant. When arrested, defendant was found to be in possession of certain stolen property and a concealed weapon. The stolen property had been taken in a breaking and entering of a home in the City of Warren, Macomb County. The district court magistrate issued a warrant for carrying a concealed weapon but refused to issue a warrant for the breaking and entering, stating that this should be obtained in Macomb County. The prosecution timely filed a claim of appeal in the Oakland Circuit Court, which affirmed the district court, Robert B. Webster, J. The people appealed by leave granted. *Held:*

A statute allows a person accused of theft to be prosecuted in the county where the stolen goods have been brought when the theft occurred in another county. A magistrate in a county where stolen goods have been brought has no discretion to refuse to issue a warrant for the theft crime if he finds probable cause to believe the accused committed the theft offense.

Reversed and remanded.

BEASLEY, J., concurred in the result but noted that there may be times when a magistrate might have discretion to refuse to issue a warrant.

CRIMINAL LAW — THEFT CRIMES — VENUE.

A statute allows a person accused of theft to be prosecuted in the county where the stolen goods have been brought when the theft occurred in another county; a magistrate in a county where stolen goods have been brought has no discretion to refuse to issue a warrant for the theft crime if he finds probable cause to believe the accused committed the theft offense (MCL 767.63; MSA 28.1003).

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 361, 362.
50 Am Jur 2d, Larceny §§ 113, 114.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Lawrence G. Kalvzny,* for defendant.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

BRONSON, J. The people appeal by leave granted from an order entered in the Oakland County Circuit Court, affirming the order of a district court magistrate which denied the prosecution's request for an arrest warrant on the charge of breaking and entering an occupied dwelling. MCL 750.110; MSA 28.305.

The underlying facts are not in dispute. Defendant was arrested in the City of Troy, Oakland County, on an existing misdemeanor warrant. When arrested, defendant was found to be in possession of certain stolen property and a concealed weapon. The stolen property had been taken in a breaking and entering of a home in the City of Warren, Macomb County, less than an hour before defendant's arrest. The district court magistrate issued a warrant for carrying a concealed weapon (CCW) but refused to issue a warrant for the breaking and entering, stating that this should be obtained in Macomb County. The prosecution timely filed a claim of appeal in the Oakland County Circuit Court. Prior to a decision, defendant pled guilty to the CCW. He was sentenced to serve a term of from three to five years imprisonment. Thereafter, the circuit court issued an order affirming the district court magistrate's decision not to issue a warrant for the breaking

and entering. The Macomb County Prosecutor's Office refused to pursue the breaking and entering charge, ostensibly because it was satisfied with the sentence meted out for the CCW.

We are asked to construe MCL 767.63; MSA 28.1003, which provides:

"When any property shall be stolen in 1 county and brought into another, the offender may be indicted, tried and convicted in the county into which such stolen property was brought, in the same manner as if such property had been originally stolen in that county; and when such property shall have been taken by burglary or robbery the offender may be indicted, tried and convicted of said burglary or robbery, in the county into which such property was brought in the same manner as if such burglary or robbery had been committed in that county."

In our opinion, the plain language of this statutory provision confers upon a prosecutor within whose county stolen property has been brought the right to bring charges for said breaking and entering, even if the actual site of the crime is in some other county. Although MCL 767.63; MSA 28.1003 has only been noted in passing in appellate court decisions, it is significant that, where the operation of this provision has been described, it has been construed to allow a thief to be prosecuted in the county where the stolen property has been brought. *People v Kyllonen,* 402 Mich 135, 150, fn 16; 262 NW2d 2 (1978), *People v Erskin,* 92 Mich App 630, 640; 285 NW2d 396 (1979).

Defendant does not really dispute the Oakland County Prosecutor's authority to charge the breaking and entering in Oakland County. Instead, it is defendant's position that the term "may be indicted" appearing in MCL 767.63; MSA 28.1003 gives the magistrate discretion to issue or not to

issue an arrest warrant as he deems proper. We disagree that the use of the term "may" in MCL 767.63; MSA 28.1003 was intended to confer discretion on magistrates. The statute refers to discretionary functions of the prosecutor. It does not suggest in even the slightest degree that the magistrate's duties as propounded in MCL 767.3; MSA 28.943 are altered. Instead, the provision in question merely provides that, in certain criminal cases, jurisdiction may be assumed in more than one county. When a warrant is sought by the prosecutor, the magistrate's function is limited to determining whether sufficient probable cause exists to believe that: (1) an offense has been perpetrated; (2) defendant has committed it; and (3) the magistrate has jurisdiction to act in the case. MCL 767.3; MSA 28.943.[1]

In *Kyllonen, supra,* the Supreme Court determined that the actor who actually steals the property may not ordinarily be found guilty of receiving and concealing stolen property. The prosecution argued that this rule would make it very difficult to obtain receiving and concealing convictions since it would be necessary to prove beyond a reasonable doubt that defendant was not the thief. The Court disagreed, noting that MCL 767.63; MSA 28.1003 permits the prosecution to charge both larceny and receiving and concealing stolen

[1] The abundant case law which exists on the magistrate's duty to bind over does not refer to the jurisdictional limits on a magistrate's power. We do not believe, however, that any time a prosecutor's office can show a crime has been committed and that defendant probably committed it, it can seek a warrant in any county in the state and insist that it be granted. Nor do we believe the decisions failing to note the jurisdictional limits on a magistrate's power so conclude. Rather, these cases simply presented no question relating to the jurisdiction of the magistrate. See, among others, *City of Birmingham v 48th Dist Judge,* 76 Mich App 33, 37; 255 NW2d 760 (1977), *People v Wirth,* 87 Mich App 41, 47; 273 NW2d 104 (1978), *People v McWilson,* 104 Mich App 550, 558; 305 NW2d 536 (1981).

property in any county into which the property was transported. Were we to construe the provision in issue as defendant desires, the problem raised by the prosecution in *Kyllonen* would not be satisfactorily resolved. Since the magistrate could always refuse to bind over defendant on the larceny charge on the basis that this offense actually occurred in another county, the prosecution could well be put in a position where the proofs and the charge were at odds. That is, the proofs might show defendant was the thief, but, since the magistrate refused to bind defendant over on this charge, an outright acquittal of defendant would be required.

It can be argued that this is not like *Kyllonen,* and one county prosecutor should not be allowed to bring the same charges arising out of the same incident where another county prosecutor has refused to. The propriety of such actions is fundamentally a policy question. The Legislature may take appropriate action to rectify this problem if it deems it desirable. However, as MCL 767.63; MSA 28.1003 is currently written, it unambiguously allows the Oakland County Prosecutor to do precisely what he has attempted to do in this case. We must construe unambiguous statutes as they are written. *People v Wingo,* 95 Mich App 101, 103-104; 290 NW2d 93 (1980), *lv den* 410 Mich 880 (1981), and cases cited therein.

We further note that this problem is not unique. There are often situations in which both state and federal statutes prohibit an actor's conduct, and one jurisdiction will decline to press charges while the other will prosecute.

While certain statements made by the magistrate make it appear that he thought there was probable cause to believe defendant committed the

breaking and entering, most of the discussion centered on the propriety of bringing the charges in Oakland rather than Macomb County. As such, rather than simply reverse, we reverse and remand this matter to the district court for a determination of whether probable cause exists to believe defendant committed the offense. If the magistrate does find that probable cause exists, he must issue a warrant.

Reversed and remanded for proceedings consistent with this opinion.

M. F. CAVANAGH, P.J., concurred.

BEASLEY, J. *(concurring in result).* I concur in the result reached by the majority.

Under the facts of this case, where the Macomb Prosecutor apparently did not choose to seek a warrant for breaking and entering or for receipt of stolen property, the magistrate did not possess discretion to deny a warrant to the Oakland Prosecutor on the basis that the prosecution must be brought in Macomb County. This suggests that there are situations where the prosecutor's right to prosecute under MCL 767.63; MSA 28.1003 is circumscribed and where the magistrate may have discretion to deny a warrant, even though the facts are otherwise sufficient.

For example, where prosecutors in different counties compete with requests for separate warrants on the same facts, I would believe a magistrate would have an area of discretion. A defendant should not have to defend twice in different counties; that is not what MCL 767.63; MSA 28.1003 means.

With this caveat, I join the majority in result.