793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BENJAMIN McWILSON, Petitioner-Appellant,
v.
DALE E. FOLTZ, Respondent-Appellee.
 84-1572
 United States Court of Appeals, Sixth Circuit.
 5/2/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DIVISION OF MICHIGAN
 Before: MERRITT and WELLFORD, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Benjamin McWilson, was convicted and sentenced to a 20-40 year sentence for first degree sexual misconduct in Michigan on March 9, 1979. In his appeal of right to the Michigan Court of Appeals, petitioner raised four issues:
 
 
 2
 1. The trial court erred in denying defendant-appellant's motion for directed verdict made at the conclusion of the prosecution's case.
 
 
 3
 2. The trial court erred in denying the defendant-appellant's renewed motion for directed verdict which was made at the conclusion of the entire case.
 
 
 4
 3. The trial court erred in not allowing character witnesses to answer whether they would believe the defendant under oath.
 
 
 5
 4. The Magistrate erred in binding the defendant-appellant over for trial in Circuit Court because there was insufficient credible evidence to determine that there was probable cause that the defendant-appellant had committed a crime.
 
 
 6
 The Michigan Court of Appeals affirmed the conviction. People v. McWilson, 104 Mich. App. 550, 305 N.W.2d 536 (1981). Subsequently, petitioner filed a delayed application for leave to appeal to the Michigan Supreme Court through a letter request.[1] Although submitting the same issues raised before the intermediate appellate court, petitioner moved, in the supreme court, to remand either for consideration of two new issues or add the new issues not previously raised. The two new issues were:
 
 
 7
 1. The trial court abused its discretion on the use of its standard for the admissibility of expert opinion testimony and demonstration on interpreting table top scratches.
 
 
 8
 2. The prosecution denied defendant a fair and impartial trial in its handling of statements made by defendant shortly after arrest.
 
 
 9
 By memorandum order dated November 25, 1981, the Michigan Supreme Court denied leave to appeal. People v. McWilson, 412 Mich. 865 (1981). The court more fully stated in a separate order of the same date that the motion to add issues was granted and that the motion to remand and delayed application for leave to appeal was denied. The court concluded: 'The delayed application for leave to appeal is DENIED, because the Court is not persuaded that the questions presented should be reviewed by this Court.' Three of the justices would have granted leave to appeal. The petitioner then filed with the supreme court a motion in propria persona for reconsideration of the November 25, 1981 order. The Michigan Supreme Court denied that motion, stating that 'it does not appear that said order was entered erroneously.'
 
 
 10
 Thereafter, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Michigan before the late Judge Thomas Thornton. The state sought a motion to dismiss the petition on the ground that petitioner had not exhausted his state remedies by failing to present the latter two issues to the Michigan Court of Appeals. Initially, Judge Thornton denied the motion on January 26, 1983, stating that petitioner had exhausted the requisite state remedies. Judge Thornton ordered the state to file additional pleadings addressing the merits of petitioner's claims.
 
 
 11
 After having the issues briefed by the parties, Judge Thornton dismissed the habeas petition on July 10, 1984, reasoning that petitioner had not in fact exhausted all his state remedies. Judge Thornton reasoned that petitioner had confused the Michigan Supreme Court's power to amend the delayed application with actual consideration of those issues by the supreme court. Petitioner now appeals the district court's ruling.
 
 
 12
 The briefs presented by petitioner and the State of Michigan on the two newly added issues generally cite state law and fail to rely upon specific federal constitutional claims. As to the alleged denial of a fair trial by admission of expert testimony about incriminating tabletop scratches, petitioner did cite to pertinent language in United States v. Brown, 557 F.2d 541, 556 (6th Cir. 1977), which held that admission of an expert witness' testimony without a proper foundation may impinge on a criminal defendant's right to a fair trial. Relying upon that language in his 'brief in support of issues added' before the Michigan Supreme Court, petitioner stated that 'the failure . . . to have the proper foundation denied the defendant DUE PROCESS and EQUAL PROTECTION under the law.' Second Supplemental Joint Appendix at 96. Although no specific reference to the federal constitution was made on this issue, petitioner's reference to a federal case dealing exclusively with federal rights coupled with the general reference to due process and equal protection adequately presented a federal constitutional claim on this issue to the Michigan Supreme Court. Thus, this issue was adequately exhausted by petitioner when the Michigan Supreme Court specifically granted petitioner's leave to add the issues and then denied petitioner's requested remand to the Michigan Court of Appeals for delayed consideration of the issue. See, e.g., Meeks v. Bergen, 749 F.2d 322, 325 and n.1 (6th Cir. 1984); Boles v. Foltz, 559 F. Supp. 1302 (E.D. Mich. 1983).
 
 
 13
 Petitioner did not, however, adequately present the substance of a federal constitutional claim to the state appellate courts in regard to his allegation that he was denied his fourteenth amendment right of due process and a fair trial by alleged prosecutorial misconduct in respect to post-arrest statements made by petitioner. Neither petitioner nor the state ever discussed federal authority in the state court briefs, but relied exclusively upon state law in discussing this issue. Mere reference to a denial of a fair trial in briefs submitted to the state court is not a sufficient means of presenting a federal constitutional issue to satisfy the exhaustion requirement. See, e.g., Thomas v. Wyrick, 622 F.2d 411 (8th Cir.), cert. denied, 459 U.S. 1175 (1980); Gayle v. LeFevre, 613 F.2d 21 (2d Cir. 1980).
 
 
 14
 Since the federal constitutional claim under the fourteenth amendment regarding post-arrest statements was not fully presented to the Michigan appellate courts so that they (and particularly the Michigan Supreme Court) had no "fair opportunity' to apply controlling legal principles to the facts bearing upon his [federal] constitutional claim,' the petition was properly dismissed. Anderson v. Harless, 459 U.S. at 6. See also Picard v. Connor, 404 U.S. at 276, 277. Since the federal question presented for the first time in the new issue was not fully presented either to the Michigan Court of Appeals or to the Michigan Supreme Court, we AFFIRM the action of the district court. See Bowen v. Tennessee, 698 F.2d 241 (6th Cir. 1983) (en banc).
 
 
 
 [1]
 Petitioner appealed pursuant to Administrative Order No. 1977-4 which permits indigent inmates to request by letter that the Michigan Supreme Court review 'the decision in my case . . . together with the Court of Appeals record and the trial court record, to determine whether leave to appeal or other relief should be granted.' Quoted in Elmore v. Foltz, 768 F.2d 773, 775 (6th Cir. 1985)